UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | | |
|---|---|---|
| ARI ROSNER, individually on<br>behalf of himself and all others similarly<br>situated and John Does (1-100) on behalf of<br>themselves and all others similarly situated | ) <br> ) <br> ) <br> ) <br> ) | 1:16-CV-01780-AMD-SMG <br><br> **ORAL ARGUMENT** <br> **REQUESTED** |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| CLEANWELL LLC, | ) <br> ) | |
| Defendant. | ) | |

----------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLEANWELL LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P.
12(b)(6)**

## TABLE OF CONTENTS

I.     Introduction ................................................................................................................... 1

II.    Statement of Facts .......................................................................................................... 2

III.   Legal Standards Applicable to Motion to Dismiss Pursuant to FRCP 12(b)(6) ............... 3

IV.   The Court Should Grant Cleanwell's Motion to Dismiss ................................................ 4

   A.   Plaintiff's State Law Claims are Preempted by the FDCA ....................................... 4

   B.   The Complaint Fails to Establish Standing ............................................................. 8

      1.   Plaintiff Has No Standing to Request Injunctive Relief. ................................. 8

      2.   Plaintiff Does Not Have Standing Under the Consumer Protection Statutes of Other States. .................................................................................................... 10

      3.   The Complaint Fails to Give Sufficient Notice of the Products at Issue. ...................... 11

   C.   Plaintiff's Negligent Misrepresentation Claim is Barred by the Economic Loss Doctrine. ........................................................................................ 13

   D.   Plaintiff's Breach of Warranty Claims Should Be Dismissed. ................................ 14

      1.   The Essential Element of Privity Is Lacking. ................................................. 14

      2.   Plaintiff's Breach of Warranty Claims Are Not Sufficiently Pled. ............................. 15

   E.   Plaintiff's Conclusory Allegations Regarding General Business Law § 349 Do Not Meet the Plausibility Standard. ........................................................................ 19

   F.   Plaintiff's Claim Does Not Meet The Heightened Pleading Standard for Punitive Damages. ............................................................................................................. 21

   G.   Plaintiff Has Failed to State a Claim for Unjust Enrichment ............................................. 23

V.    Conclusion ................................................................................................................. 24

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986)..................................................................14, 15, 17

*Ackerman v. Coca-Cola Co.*,
  No. 09-cv-395, 2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. July 21, 2010).........................8, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................1, 3, 4, 22

*Ault v J.M Smucker Co.*,
  No. 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) ......................................................................................14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................... *passim*

*Bimont v. Unilever United States, Inc.*,
  2015 U.S. Dist. Lexis 119908 (S.D.N.Y. Sept. 9, 2015) ..................................5, 6, 7

*Bowling v. Johnson & Johnson*,
  65 F. Supp. 3d 371, 375 (S.D.N.Y. 2014) ..............................5, 6, 7, 18

*Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*,
  No. 13-CV- 4348, 2014 U.S. Dist. LEXIS 96097 (S.D.N.Y. Jul. 15, 2014 )..................21, 22

*Carmania Corp., N.V. v. Hambrecht Terrell Int'l*,
  705 F. Supp. 936 (S.D.N.Y. 1989) ......................................................13

*Carter v. Novartis Consumer Health, Inc.*,
  582 F. Supp. 2d 1271 (C.D. Cal. 2008) ......................................................6

*Cent. States Se. & Sw. Areas Health & Welfare Fun v. Merck-Medco Managed Care, LLC*,
  433 F.3d 181 (2d Cir. 2005)......................................................10

*Chaluisan v. Simsmetal E. LLC*,
  698 F. Supp. 2d 397 (S.D.N.Y. 2010)......................................................23

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)......................................................8, 9

*In re ConAgra Foods Inc.*,
  908 F. Supp. 2d 1090 (C.D. Cal. 2012) .............................................................18

*Crozier v. Johnson & Johnson Consumer Cos.*,
  901 F. Supp. 2d 494 (D.N.J. 2012) ...........................................................5, 6, 17

*Deshawn E. by Charlotte E. v. Safir*,
  156 F.3d 340 (2d Cir. 1998).........................................................................8, 9

*DiBartolo v. Abbott Labs*,
  914 F. Supp. 2d 601 (S.D.N.Y. 2012)..............................................................15

*Ebin v. Kangadis Food, Inc.*,
  No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 19,
  2013) ...........................................................................................14, 15, 23

*Eckler v. Neutrogena Corp.*,
  238 Cal. App. 4th 433 (Cal. App. 2d Dist. 2015) ...................................................5

*Elkind v. Revlon Consumer Prods. Corp.*,
  2015 U.S. Dist. LEXIS 63464 (E.D.N.Y. 2015)............................................. *passim*

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs.*,
  528 U.S. 167 (2000)........................................................................................8

*In re Frito-Lay N. Am., Inc.*,
  No. 12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y.
  Aug. 29, 2013) ........................................................................................4, 18

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
  8 F. Supp. 3d 467, 483-484 (S.D.N.Y. 2014) ....................................................23

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*,
  1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) ............................................................10

*Jurgensen v. Felix Storch, Inc.*,
  No. 12 CIV. 1201 KBF, 2012 U.S. Dist. LEXIS 86312 (S.D.N.Y. June 14,
  2012) .......................................................................................................11

*Kanter v. Warner-Lambert Co.*,
  99 Cal. App. 4th 780 (Cal. App. 1st Dist. 2002)....................................................7

*Koenig v. Boulder Brands, Inc.*,
  995 F. Supp. 2d 274 (S.D.N.Y. Jan. 31, 2014) ..........................................14, 15, 23

*Llewellyn v. North Am. Trading*,
  93 Civ. 8894 (KMW)(HBP), 1997 U.S. Dist. LEXIS 22142 (S.D.N.Y. Dec.
  29, 1997) ...................................................................................................16

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992)..............................................................................................8

*Lyman v. NYS OASAS*,
　No. 1:12-CV-530, 2013 U.S. Dist. LEXIS 25828 (N.D.N.Y. Feb. 26, 2013) ..........................3

*Lynch v. Tropicana Prods.*,
　2013 U.S. Dist. LEXIS 82829 (D.N.J. June 12, 2013) ........................................11

*Maurizio v. Goldsmith*,
　230 F.3d 518 (2d Cir. 2000) (per curiam)..............................................................19

*Meserole v. Sony Corp. of Am., Inc.*,
　2009 U.S. Dist. LEXIS 42772 (S.D.N.Y. May 18, 2009)......................................17

*Miteva v. Third Point Mgmt. Co.*,
　323 F. Supp. 2d 573 (S.D.N.Y. 2004).....................................................21, 22, 23

*Moses v. Citicorp Mortg., Inc.*,
　982 F. Supp. 897 (E.D.N.Y. 1997) .........................................................................19

*Nicoisa v. Amazon.com, Inc.*,
　2015 U.S. Dist. LEXIS 13560 (E.D.N.Y. Feb. 4, 2015).........................................9

*O'Connor v. Henkel Corp.*,
　2015 U.S. Dist. LEXIS 140934 (E.D.N.Y. Sept. 21, 2015).....................................20

*Reid v. GMC Skin Care USA Inc.*,
　2016 U.S. Dist. LEXIS 14001 (N.D.N.Y Jan. 15, 2016)....................................9, 18

*Robidoux v. Celani*,
　987 F.2d 931 (2d Cir. 1993)................................................................................8, 9

*In re Scotts EZ Seed Litig.*,
　2013 U.S. Dist. LEXIS 73808 .................................................................................18

*Selevan v. N.Y. Thruway Auth.*,
　584 F.3d 82 (2d Cir. 2009)........................................................................................8

*Simington v. Lease Fin. Grp., LLC*,
　No. 10 Civ. 6052, 2012 U.S. Dist. LEXIS 25671 (S.D.N.Y. Feb. 28, 2012) ..........................11

*Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*,
　834 F. Supp. 605 (E.D.N.Y. 1993) ........................................................................20

*Tomasino v. Estee Lauder Cos.*,
　44 F. Supp. 3d 251, 262-263 (E.D.N.Y. 2014).....................................9, 10, 13, 15

iv

*Westchester Cnty. v. Gen. Motors Corp.*,
    555 F. Supp. 290 (S.D.N.Y. 1983) ....................................................15

*Wojcik v. Empire Forklift, Inc.*,
    783 N.Y.S.2d 698 (App. Div. 2004) ................................................16

*Woods v. Maytag Co.*,
    No. 10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595 (E.D.N.Y.
    Nov. 2, 2010) ...........................................................19, 20, 21

**Statutes**

15 U.S.C. § 2301 *et seq.*(Magnuson-Moss Warranty Act) ...................................*passim*

15 U.S.C. § 2301(7) ...........................................................................19

15 U.S.C. § 2310(d) ...........................................................................18

21 U.S.C. § 201(g)(1) ..........................................................................4

21 U.S.C. §301 (Federal Food, Drug and Cosmetic Act) ................................*passim*

21 U.S.C. §321(g)(1) ...........................................................................5

21 U.S.C. § 379r ...............................................................................6

21 U.S.C. § 379r(a) ............................................................................5

Pub.L. No. 105-115 (Nov. 21, 1997) 111 Stat. 2296
    (Federal Food and Drug Administration Modernization Act of 1997)......................5

N.Y. Consumer Protection Act ..............................................................19

N.Y. Gen. Bus. Law § 349 ...............................................................*passim*

N.Y. Gen. Bus. Law §§ 349 and 350 ......................................................2, 22

N.Y. Gen. Bus. Law § 350 ...............................................................6, 20

Cal. Civ. Code § 1770 (Consumer Legal Remedies Act) ....................................8

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)........................................................................11

Fed. R. Civ. P. 8 .............................................................................22

Fed. R. Civ. P. 9(b) .................................................................................................4

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 3

U.S. Const. art. III, § 2 .........................................................................................8, 12

## I.      INTRODUCTION

Plaintiff's causes of action premised on New York consumer protection laws, breach of warranty, unjust enrichment, and negligent misrepresentation should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state a claim.  The allegations set forth in Plaintiff's Complaint are simply too vague and deficient as a matter of law for numerous reasons.

First, Plaintiff's claims under New York's consumer protection laws are expressly preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 because CleanWell, LLC's ("CleanWell") products are already regulated by the Food and Drug Administration ("FDA") as over-the-counter ("OTC") drugs.  Particularly in this case, the FDA has evaluated the product labels at issue, which it deemed to be drugs under the FDCA, and did not find the language Plaintiff challenges to be problematic under FDA regulations.

Second, Plaintiff's claims do not satisfy the pleading requirements established by the United States Supreme Court in *Twombly* and *Iqbal*, as Plaintiff fails to plead enough facts to state facially plausible claims for relief or to raise his allegations above the speculative level.  The Complaint is rife with the very "threadbare recitals" of the elements of a cause of action and "mere conclusory statements" that the heightened plausibility pleading standard aims to eliminate.

Specifically, Plaintiff fails to establish standing in a number of respects that are fatal to his causes of action and request for injunctive relief.  As an initial matter, the Complaint fails to provide sufficient notice of the products at issue, as he has failed to identify which products he personally purchased.  Further, Plaintiff has no standing to request injunctive relief because he has not set forth any allegations that he continues to suffer an ongoing injury.  Finally, Plaintiff has no standing under the consumer protection statues of other states outside of New York.

Furthermore, Plaintiff's breach of warranty claims are insufficiently pled, as Plaintiff fails to allege: (1) sufficient factual matter (the what, when, where and why of the alleged warranties) to state a claim for relief that is facially plausible, and (2) that the necessary privity

of contract existed between Plaintiff and CleanWell.  The Complaint also suffers from a laundry list of further deficiencies, including that Plaintiff's allegations under New York General Business Law ("GBL") § 349 merely restate the elements of that cause of action, without providing additional facts upon which the claim is based.  In doing so, Plaintiff fails to nudge his claims across the line from conceivable to plausible—as required by *Twombly* and its progeny.  Plaintiff's unjust enrichment and negligent misrepresentation claims must also be dismissed because Plaintiff's allegations of purely economic injury based on the same factual allegations as Plaintiff's other causes of action fail to state a claim for relief.  Finally, Plaintiff's request for punitive damages fails because he has not sufficiently pled the willfully or wantonly malicious or fraudulent conduct that is required for such relief.

Ultimately, Plaintiff's Complaint suffers from a number of pleading deficiencies that render his causes of action inadequate.  Thus, CleanWell respectfully requests that, for the reasons detailed below, Plaintiff's Complaint be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff's Complaint challenges the labeling and advertising of nine different CleanWell products (collectively, the "Products")[1] by alleging that the words "Natural" and "All-natural" are deceptive or misleading because the products ostensibly contain synthetic ingredients.  Compl. ¶¶ 2, 3, 12-14, 18, 23.  Plaintiff alleges deceptive business practices and false advertising in violation of New York General Business Law §§ 349 and 350, respectively; violations of state consumer protection statutes; breach of express warranty; violations of the Magnuson-Moss Warranty Act; breach of the implied warranties of merchantability and fitness for a particular purpose; unjust enrichment; and negligent misrepresentation related to the marketing and sales of

---

[1] The allegations set forth in the Complaint pertain to the marketing and sales of CleanWell Natural Hand Sanitizer Original Scent, CleanWell Natural Hand Sanitizer Orange Vanilla Scent, CleanWell Natural Hand Sanitizing Wipes, CleanWell Natural Foaming Hand Sanitizer, CleanWell Natural Antibacterial Foaming Soap Orange Vanilla Scent, CleanWell All-Natural Antibacterial Foaming Soap Orange Vanilla Scent, CleanWell Natural Antibacterial Foaming Soap Lavender Scent, CleanWell Natural Antibacterial Foaming Soap Spearmint Lime Scent, and CleanWell Natural Antibacterial Sap Ginger Bergamot Scent.  Compl. ¶ 1.

the Products on behalf of purchasers nationwide.  Compl. ¶¶ 25, 39-116.  Plaintiff seeks monetary damages including treble damages, punitive damages, attorney's fees, and injunctive relief.  Compl. ¶¶ 36-38, 116.

Plaintiff Ari Rosner is a citizen of Brooklyn, New York.  Compl. ¶ 5.  Plaintiff alleges that "[d]uring the Class Period [he] purchased the products online in the State of New York" because "he saw the labeling, advertising, the Defendant's website, and read the packaging, which represented that the Products [were] 'Natural' and/or 'All-Natural.'"  *Id.* ¶ 8-9.  He allegedly "would not have purchased the Products at a premium price" if he had known that the Products contained Sodium Citrate and Sodium Coco-Sulfate.  *Id*. ¶¶ 9, 12-14, 23.  Defendant CleanWell is a corporation organized and existing under the laws of Delaware, with its principal place of business in San Francisco, California.  *Id*. ¶ 5.  Plaintiff alleges that CleanWell "conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York."  *Id.* ¶ 6.

## III.   LEGAL STANDARDS APPLICABLE TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Lyman v. NYS OASAS*, No. 1:12-CV-530, 2013 U.S. Dist. LEXIS 25828, at *7 (N.D.N.Y. Feb. 26, 2013) (citing *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007)).  In considering the claim's legal sufficiency, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to state a claim [for] relief that is plausible on its face."  *Id.* (citing *Twombly*, 550 U.S. at 570).  A

claim is facially plausible "when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570.

For claims sounding in fraud, however, Rule 9(b) requires that "the circumstances constituting fraud . . . [must] be stated with particularity." "To comport with Rule 9(b), a plaintiff must not only give the who, what, and when with regard to an alleged false or misleading statement, but also must 'give particulars as to the respect in which plaintiff contends the statements were fraudulent.'" *In re Frito-Lay N. Am., Inc.*, No. 12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824, at *72 (E.D.N.Y. Aug. 29, 2013) (quoting *Ressler v. Liz Claiborne, Inc.*, 75 F. Supp. 2d 43, 52 (E.D.N.Y. 1998) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)).

## IV.    THE COURT SHOULD GRANT CLEANWELL'S MOTION TO DISMISS

### A.    <u>Plaintiff's State Law Claims are Preempted by the FDCA</u>

Plaintiff's state law claims related to the labeling of CleanWell's Products are expressly preempted by the FDCA because the CleanWell products are already regulated by the FDA as OTC drugs.[2]  The FDCA authorizes the FDA to regulate, among other things, OTC drugs and cosmetics.  Drugs are defined as: "(A) articles recognized in the official United States

---

[2] In its April 8, 2011 Warning Letter to the Company, the FDA stated that the Products, including CleanWell's All-Natural Foaming Hand Sanitizer, All-Natural Hand Sanitizing Wipes, and All-Natural Antibacterial Foaming Handsoap, are drugs as defined by Section 201(g)(1) of the FDCA because these Products are "intended for use in the cure, treatment, mitigation, or prevention of disease, or is intended to affect the structure of any function of the body of man." Declaration of Daniel Herling in Support of Defendant's Motion to Dismiss ("Herling Decl."), Ex. A.

Pharmacopeia, official Homeopathic Pharmacopoeia of the United States, or official National

Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis,

cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles

(other than food) intended to affect the structure or any function of the body of man or other

animals." 21 U.S.C. § 321(g)(1).  The FDA has exclusive regulatory authority over the

enforcement of these provisions.

      "The FDCA was amended by the Food and Drug Administration Modernization Act of

1997 (Pub.L. No. 105-115 (Nov. 21, 1997) 111 Stat. 2296) (Modernization Act), which included

a provision expressly preempting state law requirements regarding nonprescription drugs."  *See*

*Eckler v. Neutrogena Corp.*, 238 Cal. App. 4th 433, 439 (Cal. App. 2d Dist. 2015); 21 U.S.C.

§ 379r(a).  "In the context of OTC drugs and cosmetics, "the FDCA expressly preempts state law

labeling requirements that are different from, addition[al] to, or otherwise not identical with

federal labeling requirements."  *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 375

(S.D.N.Y. 2014) (brackets in original) (citing 21 U.S.C. § 379r(a)(2)); *see also Bimont v.*

*Unilever United States, Inc.*, 2015 U.S. Dist. Lexis 119908, at *4-5 (S.D.N.Y. Sept. 9, 2015); 28

U.S.C. § 379r(a).  Under the standard set forth in 21 U.S.C. § 379r(a), the issue "is not whether a

state law actively undermines federal law. It is whether state law diverges from federal law at

all."  *Bowling*, 65 F. Supp. 3d at 375; *Bimont*, 2015 U.S. Dist. Lexis 119908, at *7.  *See also*

*Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 503 (D.N.J. 2012)

("Congress has therefore mandated that states may not create requirements different from the

FDCA's requirements").  Accordingly, plaintiffs can escape the preemptive force of the FDCA

only if their claims seek to impose requirements that (1) are identical to those imposed by the

FDCA, or (2) are outside the scope of the relevant federal requirements. *See Bimont*, 2015 U.S.

Dist. LEXIS 119908, at *2 (citing *Ackerman v. Coca-Cola Co.*, No. 09-cv-395, 2010 U.S. Dist.

LEXIS 73156, at *6 (E.D.N.Y. July 21, 2010)).

District courts, particularly in the context of OTC drugs and cosmetics, have dismissed state law causes of action that would interfere with FDA regulated labeling and packaging based on express preemption.  In *Bowling*, for example, the plaintiff alleged that the label on a popular brand of mouthwash falsely claimed that use would "Restore Enamel."  65 F. Supp. 3d at 373.  The court noted that the FDA had sent multiple warning letters to manufacturers of OTC fluoride mouthwash, but never one expressing a concern over a statement like "Restores Enamel."  *Id.* at 373-74.  The court rejected the argument that the claims were not preempted because the FDA had not affirmatively permitted enamel restoration claims, because to hold otherwise would allow plaintiff's state law causes of action to "in effect, impos[e] a labeling requirement that is not identical with labeling requirements under federal law."  *Id.* at 373.  Holding that the plaintiff's claims were expressly preempted, the court explained that if the plaintiff's claims were to proceed and be successful, "[the] litigation would do exactly what Congress, in passing section 379r of the FDCA, sought to forbid, using state law causes of action to bootstrap labeling requirements that are 'not identical with' federal regulation."  *Id.* at 376; *see also*, *Bimont*, 2015 US Dist. Lexis 119908, at *7 (holding that state law claims related to labeling and packaging of deodorant were preempted by the FDCA); *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 503 (D.N.J. 2012) (holding that state law claims based on false labeling of Neosporin products were preempted); *Carter v. Novartis Consumer Health, Inc.*, 582 F. Supp. 2d 1271, 1286 (C.D. Cal. 2008) (finding all state law claims based upon FDA-approved statements in product labeling and advertising of OTC cough medicines are preempted).

Plaintiff alleges that CleanWell's practice of labeling and advertising the Products as being "Natural" and/or "All-Natural" when they contain synthetic ingredients is deceptive and misleading and constitutes a deceptive practice in violation of GBL § 349 and false advertising in violation of GBL § 350.  Compl. ¶¶ 44-47, 52-56.  Plaintiff's other state law claims are similarly premised on CleanWell's decision to label its products "Natural" and/or "All-Natural."  Compl.  ¶¶ 63, 71, 87, 90, 96, 111.  Thus, Plaintiff's state law claims relate to the labeling and packaging of CleanWell's products, and successful prosecution of these claims would require

6

CleanWell to change its product labels.

Critically here, the FDA specifically evaluated CleanWell's product labels in 2010. *See* Herling Decl., Exs. A and B. The FDA raised a number of issues in the FDA warning letter that CleanWell promptly addressed (*see* Herling Decl., Ex. B), but after explicitly reviewing the Products' labeling,[3] the FDA **did not** raise **any** concern about the use of the "Natural" or "All-Natural" description on CleanWell's products. *See* Herling Decl., Ex. A. Requiring CleanWell to remove the wording from its label—the inevitable result of the successful litigation of these claims—imposes a requirement on CleanWell that is different from labeling reviewed and approved by the FDA. The FDA could have, but did not, prohibit CleanWell from using the terms "Natural" and/or "All-Natural" to describe the Products, and Plaintiffs are foreclosed from bringing these state law claims that "seek to supersede the FDA's regulatory authority." *Bowling*, 65 F. Supp. 3d at 377. Even absent the FDA's review of CleanWell's labels, district courts have found claims such as these regarding the labeling and packaging of OTC drugs to be expressly preempted. *See Bimont*, 2015 US Dist. Lexis 119908, at *7 (holding that state law claims related to labeling and packaging of deodorant were preempted by the FDCA); *Bowling*, 65 F. Supp. 3d at 375. Accordingly, Plaintiff's state law claims present a clear cut case of federal preemption.

Finally, Plaintiff's claims for breach of warranty, violation of other state consumer protection statutes, negligent misrepresentation and unjust enrichment should also be dismissed because "common law torts like these constitute requirements within the meaning of FDCA preemption," and are therefore preempted for the same reasons as the consumer fraud claims. *See Bimont*, 2015 US Dist. Lexis 119908, at *23; *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, (Cal. App. 1st Dist. 2002) (dismissing all of plaintiffs' state law causes of action

---

[3] FDA "collected labeling for CleanWell All-Natural Foaming Hand Sanitizer, CleanWell All-Natural Hand Sanitizing Wipes, and CleanWell All-Natural Antibacterial Foaming Handsoap drug products" and analyzed these labels. Herling Decl., Ex. A at pg. 1.

regarding OTC lice treatment products—breach of express warranty, fraud and deceit, false advertising, unfair competition, and violations of the Consumer Legal Remedies Act—because they are based ultimately on the assertion that the labels on those products are no longer accurate or adequate, and therefore preempted).

      **B.**    <u>**The Complaint Fails to Establish Standing**</u>.

            **1.**      *Plaintiff Has No Standing to Request Injunctive Relief.*

Under Article III, Section 2 of the Constitution, the jurisdiction of federal courts is limited "to the resolution of 'cases' and 'controversies.'" *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "[T]o ensure that this 'bedrock' case-or-controversy requirement is met, courts require that plaintiffs establish their 'standing' as 'the proper part[ies] to bring' suit." *Id.* at 89 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)) (alteration in *Selevan*). The "irreducible constitutional minimum" of standing requires a plaintiff to show that: (1) he has suffered a concrete and particularized injury-in-fact which is actual or imminent, not "conjectural or hypothetical"; (2) the injury is fairly traceable to the defendant's allegedly unlawful conduct; and (3) the injury will likely be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs.*, 528 U.S. 167, 185 (2000). In order to demonstrate standing for injunctive relief, a plaintiff must demonstrate not just "[p]ast exposure to illegal conduct" but also a "real and immediate threat of repeated injury" going forward. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or he will be injured in the future."); *Robidoux v. Celani*, 987 F.2d 931, 938 (2d Cir. 1993) (holding that plaintiffs who no longer suffered injuries as a result of defendant's conduct no longer had standing to pursue injunctive relief). The few consumer protection cases that have failed to follow *Lyons*—for example, *Ackerman*, 2013 U.S. Dist. LEXIS 184232, at *5-6—are outliers,

and a more recent decision from the Eastern District declined to join these cases because "*Lyons* remains binding precedent." *Nicoisa v. Amazon.com, Inc.*, 2015 U.S. Dist. LEXIS 13560, at *36 & n.10 (E.D.N.Y. Feb. 4, 2015); *see also Reid*, 2016 U.S. Dist. LEXIS 14001, *18 (finding dismissal of prospective injunctive relief claim to be required by Supreme Court and Second Circuit precedent); *Tomasino*, 44 F. Supp. 3d at 256 (alleging that the plaintiff remains an Estee Lauder customer and could be misled again was insufficient to state a claim for injunctive relief).

Plaintiff has no standing to request injunctive relief because he has failed to allege that he is suffering any ongoing injury as a result of his past purchases of CleanWell's products.  The Complaint defines the Class as "all consumers who *purchased* the Products anywhere in the United States during the Class Period."  Compl. ¶ 25 (emphasis added).  Therefore, the putative class clearly does not include individuals who will purchase the product in the future.  Further, the alleged injury in the Complaint is that members of the class were deceived by CleanWell's labeling and advertisements when they purchased the Products, not that they continue to be injured by CleanWell's conduct.  *See e.g.*, Compl. ¶ 3 ("Plaintiff and Class Members *paid* a premium for the Products over comparable products that did not purport to be natural."); Compl. ¶ 24 ("Defendant's customers *were* uniformly impacted by and exposed to this misconduct"); Compl. ¶ 31 ("Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and *purchased* the Defendant's Products.") (emphases added).  The Complaint does not describe how Plaintiff or the other class members who purchased the Products in the past face "a real and immediate threat of repeated injury" that would necessitate or support a claim for injunctive relief.  *Lyons*, 461 U.S. at 102; *Tomasino*, 44 F. Supp. 3d at 256 ("While [the plaintiff] suggests that she remains a potential Estee Lauder customer and is likely to be misled again, she has not alleged a sufficient future injury to establish standing to assert her claims for injunctive relief because she has demonstrated that she is, in fact, unlikely to purchase [the] products again.") (internal citation omitted); *Deshawn E.*, 156 F.3d at 344; *Robidoux*, 987 F.2d at 938.  Thus, because Plaintiff does not face any type of continuing risk of immediate injury since "there is no danger

he will again be deceived" by the alleged misrepresentations, he has no standing to request injunctive relief. *See Elkind v. Revlon Consumer Prods. Corp.*, 2015 U.S. Dist. LEXIS 63464, *8 (E.D.N.Y. 2015) ("Plaintiffs are now aware of the alleged misrepresentations that they challenge, so there is no danger that they will again be deceived by them.")

Further, to the extent that Plaintiff seeks injunctive relief on behalf of the putative class, he lacks standing to pursue such relief. "The Supreme Court has held that if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." *Cent. States Se. & Sw. Areas Health & Welfare Fun v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 199 (2d Cir. 2005) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). As discussed above, Plaintiff has no standing to pursue injunctive relief because he has not alleged that he would purchase any of the CleanWell products at issue again as they are currently made, nor has he alleged that he is suffering any ongoing injury as a result of his past purchases of the Products. Thus, the allegations in the Complaint are equally insufficient to establish Plaintiff's standing to pursue injunctive relief on behalf of the putative class, and his request for such relief on behalf of himself and the putative class should be dismissed. *See Tomasino*, 44 F. Supp. 3d at 256 ("[T] he fact that unknowing class members might purchase [the] products based on the defendants' allegedly unlawful advertising does not establish standing." (citing *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) ("[T]he named class plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal quotations omitted))).

2.     ***Plaintiff Does Not Have Standing Under the Consumer Protection Statutes of Other States***.

Plaintiff cannot maintain claims based on consumer protection statutes of states in which he does not live or reside. District courts have consistently dismissed claims premised on consumer protection statutes of states in which none of the named plaintiffs resided or had a

connection.  *See In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) (holding that the plaintiffs do not have standing to bring a claim on behalf of a class "under the laws of states where the named plaintiffs have never lived or resided"); *Simington v. Lease Fin. Grp., LLC*, No. 10 Civ. 6052, 2012 U.S. Dist. LEXIS 25671, at *20 (S.D.N.Y. Feb. 28, 2012) (concluding that the plaintiffs, who were attempting to bring a nationwide class action, "could only possibly have standing to bring consumer fraud claims under the consumer fraud statutes of those three states" with which they had a connection); *Jurgensen v. Felix Storch, Inc.*, No. 12 CIV. 1201 KBF, 2012 U.S. Dist. LEXIS 86312, at *28 (S.D.N.Y. June 14, 2012) (holding that the "plaintiff does not have standing to bring claims for violations of consumer fraud statutes of states other than Washington—i.e., the state where she resides"); *Lynch v. Tropicana Prods.*, 2013 U.S. Dist. LEXIS 82829, at *34-35 (D.N.J. June 12, 2013) (dismissing the plaintiff's purported claim for "Violation of the State Consumer Protection Laws of Various States" because plaintiffs did not sufficiently allege factual allegations to sustain the claim).

Here, Plaintiff asserts a cause of action for "Violation of State Consumer Protection Statutes" based on consumer protection laws in 41 states and the District of Columbia.  Compl. at ¶¶ 60-69.  In support of these claims, Plaintiff—a resident of Brooklyn, New York who allegedly purchased, unidentified CleanWell products online in New York—offers no additional factual allegations to state a claim for relief under the various consumer protection statutes. Plaintiff is "not permitted to bypass the pleading requirements through bare bones allegations on behalf of a putative class containing no named Plaintiffs."  *Lynch*, 2013 U.S. Dist. LEXIS 82829, at *34-35 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).  Absent factual allegations to establish Plaintiff's standing under each of the consumer protection statutes cited in the Complaint, Plaintiff's third cause of action must be dismissed.

> **3.**  ***The Complaint Fails to Give Sufficient Notice of the Products at Issue.***

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim

showing that the pleader is entitled to relief <u>in order to give the defendant fair notice of what the</u> <u>… claim is and the grounds upon which it rests.</u>" *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (emphasis added). Plaintiff's allegations here are so vague and conclusory that they fail to give CleanWell fair notice of the claims and the grounds upon which they rest. Specifically, Plaintiff fails to provide factual allegations as to <u>each product,</u> opting instead to lump the products together and refer to them collectively as "the Products." *See* Compl. ¶¶ 1, 3, 9. Other than the vague list of products provided in two paragraphs of the Complaint (¶ 1 and ¶ 12), Plaintiff's allegations ostensibly apply universally to all nine products at issue—even though these products have distinct labels and packaging, and has undergone significant label changes during the alleged class period.

Based on the vague allegations in the Complaint, Defendant cannot determine which products, if any, are actually at issue in this lawsuit based on Plaintiff's purchases during the relevant statute of limitations. Plaintiff's single allegation as to where, when, and how he purchased each product at issue is as follows: "During the Class Period Plaintiff purchased the Products online in the State of New York." Compl. ¶ 8. Defendant is left to guess which products, specifically, Plaintiff purchased, on which website, and when they were each purchased. Furthermore, the use of a random product image in Plaintiff's complaint does not take into account the many label designs these products have had – Plaintiff may have purchased a product similar to one of the products pictured, or may not have.

Plaintiff's vague allegations are insufficient to establish that Plaintiff has standing under Article III, Section 2 of the United States Constitution, which requires Plaintiff to show that he has suffered "an injury-in-fact where he has been injured in a 'personal and individual way." *See Elkind v. Revlon Consumer Prods. Corp.*, 2015 U.S. Dist. LEXIS 63464, *9, (E.D.N.Y. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)); *see also supra* Section III.D. The requirements of Article III apply equally to class actions, and "a plaintiff may not save claims for which he lacks standing by purporting to assert them on behalf of others who might have standing; 'named plaintiffs who represent a class must allege and show that they

personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

Plaintiff's failure to identify which products he personally purchased is a critical defect in the Complaint.  Plaintiff lacks standing to maintain claims on behalf of products that were not purchased, and he has failed to sufficiently identify which products he purchased to establish standing.  *See Elkind*, 2015 U.S. Dist. LEXIS 63464, at *8-11 (finding that Plaintiffs lack standing to bring claims based on Revlon powder when they only bought the foundation and concealer); *see also Tomasino*, 44 F. Supp. 3d at 256 (citing *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.")).  Defendant has, thus, not been given fair notice of Plaintiff's claims—as applied to each product—and the grounds upon which he establishes standing.  Because Defendant's products are at the heart of this action, and knowledge of what products are at issue is thereby essential to CleanWell's ability to defend itself, the Complaint should be dismissed for this reason alone.

### C.     Plaintiff's Negligent Misrepresentation Claim is Barred by the Economic Loss Doctrine.

"The economic loss doctrine restricts the remedy of plaintiffs who have suffered economic loss, but not personal or property injury, to an action in contract."  *Elkind v. Revlon Consumer Prods. Corp.*, 2015 U.S. Dist. LEXIS 63464, *27 (E.D.N.Y. 2015) (citing *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 277 (S.D.N.Y. 2004)); *Carmania Corp., N.V. v. Hambrecht Terrell Int'l*, 705 F. Supp. 936, 938 (S.D.N.Y. 1989) ("If the damages suffered are of the type remediable in contract, a plaintiff may not recover in tort.") The economic loss doctrine applies to claims for negligent misrepresentation.  *Elkind*, 2015 U.S. Dist. LEXIS 63464, at *27 (citing *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283

13

(S.D.N.Y. 2015); *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009);

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 215 (S.D.N.Y. 2007)).

Plaintiff has not alleged any personal or property injury.  The totality of Plaintiff's alleged injury is that "Defendant's representations that the Products are 'Natural' and/or 'All-Natural' induced consumers, including Plaintiff and Class Members to pay a premium to purchase the Products."  Compl. ¶ 23.  Accordingly, Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine, and his ninth cause of action must be dismissed.  *See Elkind*, 2015 U.S. Dist. LEXIS 63464, at *27 (dismissing claim for negligent misrepresentation because the plaintiff did not suffer personal or property injury resulting from the alleged mislabeling of Revlon products).

### D. Plaintiff's Breach of Warranty Claims Should Be Dismissed.

#### 1. *The Essential Element of Privity Is Lacking.*

Privity is an essential element to all of Plaintiff's breach of warranty claims.  *See, e.g., Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. Jan. 31, 2014) ("[P]rivity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured."); *Ebin v. Kangadis Food, Inc.*, No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174, at *6 (S.D.N.Y. Dec. 19, 2013) (dismissing implied warranty of merchantability and express warranty claims for lack of privity); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) ("To have a cause of action for breach of an implied warranty of fitness [for a particular purpose] … privity must necessarily exist because the creation of the warranty requires a direct exchange between buyer and seller.") (emphases added).

Plaintiffs often cite *Ault v J.M Smucker Co.*, No. 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) in an attempt to disregard the privity requirement. Although the *Ault* court found no privity requirement, that decision appears to be an outlier to the traditional standard under New York law from the Second Circuit, Eastern District, and other

14

districts, which all require privity for warranty claims.  *See, e.g.*, *Elkind v. Revlon Consumer Prods. Corp.*, 2015 U.S. Dist. LEXIS 63464, at *31-32 (E.D.N.Y. 2015) ("Plaintiffs do not allege any contractual privity with Defendant, so their implied warranty claims are dismissed."); *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 262-263, (E.D.N.Y. 2014) ("The plaintiff's claim based on the implied warranty of merchantability also fails because she is not in privity with the defendants."); *Koenig*, 995 F. Supp. at 290; *Ebin*, 2013 U.S. Dist. LEXIS 174174, at *6; *Abraham*, 795 F.2d at 249; ; *Westchester Cnty. v. Gen. Motors Corp.*, 555 F. Supp. 290, 294 (S.D.N.Y. 1983) ("[A]bsent privity of contract…a purchaser cannot recover mere economic loss against a manufacturer under a theory of breach of implied warranty."); *DiBartolo v. Abbott Labs*, 914 F. Supp. 2d 601, 624-27 (S.D.N.Y. 2012) (finding privity is "essential element" of express/implied warranty causes of action, unless personal injury alleged).

In the instant case, Plaintiff's breach of warranty claims, both express and implied, fail because he has not alleged that he is in privity with CleanWell.  Although Plaintiff alleges that he purchased the products online in New York, he does not allege that he purchased the products from CleanWell directly or that he suffered personal injury.[4]  Compl. at ¶ 8.  This admission alone should defeat privity with CleanWell, and preclude Plaintiff's warranty claims.  Accordingly, Plaintiff's fourth through seventh cause of action for breach of express warranty, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose should be dismissed.

> **2.**    ***Plaintiff's Breach of Warranty Claims Are Not Sufficiently Pled.***
>
> **a)**    **Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Merchantability**.

"The implied warranty of merchantability is a guarantee by the seller that its goods are fit

---

[4] Although Plaintiff alleges that he was induced to purchase the Products because he "saw the labeling, advertising, the Defendant's website, and read the packaging," Plaintiff does not allege through which website he ultimately purchased the Products.  *See* Compl. ¶ 9.

for the intended purpose for which they are used and that they will pass in the trade without objection." *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 700 (App. Div. 2004) (internal quotation marks omitted).  The "implied warranty of merchantability merely requires that a product be fit for the ordinary uses for which such goods are intended." *Llewellyn v. North Am. Trading*, 93 Civ. 8894 (KMW)(HBP), 1997 U.S. Dist. LEXIS 22142, at *24-25 (S.D.N.Y. Dec. 29, 1997) (internal citations omitted).  Importantly, this cause of action provides "not for a superior product but only a <u>minimal level of quality</u>."  *Id.* (emphasis added); *see also Ackerman v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 73156, at *94-95 (E.D.N.Y. July 21, 2010) ("A warranty of merchantability, however, does not mean that the product will fulfill a buyer's every expectation but rather simply provides for a minimum level of quality.") (quoting *Viscusi v. Proctor & Gamble*, No. 05-CV-01528 (DLI)(LB), 2007 U.S. Dist. LEXIS 51307, at *13 (E.D.N.Y. July 16, 2007) (internal quotation marks omitted)).

Plaintiff has failed to allege sufficient facts in support of a claim that the Products, all of which are antibacterial products, are not fit for the intended purpose for which they are used—namely, for cleaning and/or sanitizing.  Though Plaintiff alleges that the CleanWell products "contain artificial and synthetic ingredients" and therefore do not conform to "Defendant's representation that the Products are 'Natural' and/or 'All-Natural,'" (Compl. ¶¶ 2, 13), these allegations have no bearing on whether the products are merchantable as cleaning and/or sanitizing products.  Ultimately, the Plaintiff cannot maintain a claim for breach of the implied warranty of merchantability simply because Plaintiff did not want a product with certain ingredients.

**b)      Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Fitness for Particular Purpose**.

Plaintiff's claim for breach of implied warranty of fitness for a particular purpose fails on similar grounds.  "The implied warranty of fitness for a particular purpose . . . does not arise in every consumer sale, but only when a seller knows or has reason to know the particular purpose for which a buyer requires goods, and also knows or should know that the buyer is relying on his

special knowledge." *Abraham*, 795 F.2d at 249; *see also Meserole v. Sony Corp. of Am., Inc.*, 2009 U.S. Dist. LEXIS 42772, at *27-28 (S.D.N.Y. May 18, 2009) (finding cause of action requires "seller at the time of contracting [have] reason to know any particular purpose for which goods are required").  The "purpose" central to a claim for breach of the implied warranty of fitness for a particular purpose is, thus, "the particular purpose for which the buyer requires the goods" – the purpose they are ultimately meant to serve.  *Abraham,* 795 F.2d at 249. "[E]stablishing a breach of the implied warranties of merchantability and fitness for a particular purpose requires a showing regarding the product's functionality, not the advertisements that allegedly induced a customer to purchase it.  *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 509 (D.N.J. 2012).

Plaintiff's allegations as to this cause of action incorrectly conflate the purpose of CleanWell's products to clean and sanitize—the relevant purpose here—with his reasons for purchasing the products (i.e. the labeling of "natural").  Plaintiff alleges that he and the purported class members "were buying [CleanWell's] Products with the specific purpose of buying products that contained exclusively 'Natural' and/or 'All-Natural' ingredients."  Compl. ¶ 96. However, that he sought to purchase a product with these particular characteristics has no bearing on how CleanWells's products are meant to be used.  The purpose of hand sanitizing products, at the risk of stating the obvious, is to sanitize.  Plaintiff fails to allege that he attempted to use CleanWells's product to clean or sanitize, much less that the products failed to do so or caused any ill effect.  In sum, to the extent the purpose of CleanWell's products is sanitizing – whether in the form of antibacterial soap or hand sanitizer – Plaintiff has not made any allegations related to the functionality of the Products or that they are not fit for the purpose of sanitizing.  His claim must, therefore, be dismissed.

### c) **Plaintiff Has Not Sufficiently Pled Violations of the MMWA.**

The MMWA provides a federal remedy for consumers who have been "damaged by the failure of a . . . warrantor . . . to comply with any obligation under . . . a written warranty, implied warranty, or service contract."  15 U.S.C. § 2310(d).  "Under the MMWA, a warranty is a

17

written affirmation that a consumer product will be defect free or meet a specified level of performance 'over a specified period of time.'" *Bowling*, 65 F. Supp. 3d 371, 377-78.  When plaintiffs rely on alleged written affirmations that fail to state that a product is defect free or will meet a specified level of performance over a definite period of time, courts have readily dismissed claims for recovery under the MMWA.  *See Reid v. GMC Skin Care USA Inc*., 2016 U.S. Dist. LEXIS 14001, at *37-41 (N.D.N.Y Jan. 15, 2016) ("'[C]ourts have found promises are written warranties under the MMWA only if the promise clearly states the specific time period over which the promised performance is to occur.'" (quoting *In re Scotts EZ Seed Litig.*, No. 12 CV 4727 VB, 2013 U.S. Dist. LEXIS 73808, at *13 (S.D.N.Y. May 22, 2013))); *In re Frito-Lay N. Am. All Natural Litig.*, 2013 U.S. Dist. LEXIS 123824, at *55-56 (dismissing MMWA claim because the "All Natural" label on various chip and dip products did not constitute a written warranty as defined by the MMWA); *Bowling*, 65 F. Supp. 3d at 377-78 (dismissing claims under the MMWA because a warranty is a written affirmation that a consumer product will be defect free or meet a specified level of performance "over a specified period of time" the "Restores Enamel" claim does not guarantee enamel restoration over any period of time).

The Complaint alleges, in a conclusory fashion, that "Defendant represented in writing that the Products are "Natural" and/or "All-Natural."  Compl. ¶ 85.  An alleged written warranty based on such vague and abstract terms, *i.e.,* that the product is "natural," does not meet the plausibility standard to state a claim for violation of the MMWA.  *See, e.g.*, *In re ConAgra Foods Inc*., 908 F. Supp. 2d 1090, 1102 (C.D. Cal. 2012) (concluding that "100% Natural" is not a written warranty under the MMWA because it is not "a promise to take any remedial action" or "an assertion that the product is defect free or that it will meet a specific level of performance over a specified period of time").  Additionally, labeling the products as "Natural" or "All-Natural" does not specify a certain level of performance or a time period.  *See In re Scotts EZ Seed Litig.*, 2013 U.S. Dist. LEXIS 73808, at *14-15 (finding that defendants' representation that EZ Seed grows grass "50% thicker with half the water" fails to state a claim under the MMWA because it "is not a promise that EZ Seed 'will meet a specified level of performance over a

18

specified period of time' for purposes of the MMWA" (quoting 15 U.S.C. § 2301(6))).

Therefore, Plaintiff has failed a state a claim for a violation of the MMWA based on a written

warranty.

An MMWA claim may also be based on "implied warranty arising under State law." 15

U.S.C. § 2301(7).  As discussed above, however, Plaintiff's claims for breach of implied

warranty must be dismissed because they have failed to make any allegations that the Products

have flaws pertaining to their intended purpose or functionality.  Accordingly, Plaintiff's claim

for recovery under the MMWA for breach of implied warranty must also be dismissed.

### E.    Plaintiff's Conclusory Allegations Regarding General Business Law § 349 Do Not Meet the Plausibility Standard.

The New York Consumer Protection Act, codified at GBL §349, declares that

"[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the

furnishing of any service in New York are unlawful."  N.Y. Gen. Bus. § 349(a).  "To make out a

prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's

deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3)

the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir.

2000) (per curiam) (internal citations omitted).  In other words, to maintain a claim under GBL §

349, Plaintiff must ultimately allege a deceptive scheme that is, at a minimum, plausible. *Woods

v. Maytag Co.*, No. 10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595, at *43-44

(E.D.N.Y.  Nov. 2, 2010) (dismissing Plaintiff's § 349 claim because he only "vaguely allege[d]

that Defendants 'knew' of [the] alleged defect, [but] failed to provide enough factual support to

plausibly support the contention that a deceptive act or practice [had] taken place").

While a plaintiff failing to adequately plead a fraud claim may nonetheless successfully

plead a claim under GBL § 349, "[c]onclusory allegations have been held to be insufficient to

state a claim under § 349."  *Moses v. Citicorp Mortg., Inc.*, 982 F. Supp. 897, 903 (E.D.N.Y.

1997); *see also O'Connor v. Henkel Corp.*, 2015 U.S. Dist. LEXIS 140934, at *22, (E.D.N.Y.

Sept. 21, 2015) (dismissing Plaintiff's § 349 claims because the totality of the factual allegations

19

concerning the cause of the alleged under-filling of the defendants' products were that "[the defendants'] Product labeling and packaging as alleged herein is deceptive and misleading and was designed to increase sales of the Products" and that "Defendants' misrepresentations are part of their systematic Product packaging practice"); *Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 610 (E.D.N.Y. 1993) (granting motion to dismiss where Plaintiff's claim under the Consumer Protection Act was pled upon information and belief, lacked specificity, and alleged mere conclusions).  Additionally, "[g]eneral references to advertisements and statements will also not be sufficient to allege a deceptive act or practice."  *Woods*, 2010 U.S. Dist. LEXIS 116595, at *44-45 (citing *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997)).

Plaintiff's claims under GBL § 349 cannot stand because he fails to adequately plead a materially-misleading deceptive act or practice, an essential element to that claim.  Instead, he repeats the false advertising allegations of § 350.  GBL § 349 differs from GBL § 350 in that §349 applies to deceptive or misleading acts or practices while § 350 applies to false advertising. *See* GBL § 350 (prohibiting "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service").  Nowhere in the Complaint does Plaintiff allege a deceptive act or practice that would state a claim under GBL § 349, *i.e.,* that CleanWell knew that certain ingredients in its products were harmful to consumers, but failed to disclose this material information to the public.  *See Woods*, 2010 U.S. Dist. LEXIS 116595, at *43 ("As with fraud claims, when a defendant exclusively possesses information that a reasonable consumer would want to know and could not discover without difficulty, failure to disclose can constitute a deceptive or misleading practice.").  In fact, any mention of a "deceptive practice" in the Complaint sounds in false advertising, which is relevant to Plaintiff's GBL § 350 claim rather than his GBL § 349 claim.  For example, Plaintiff alleges: "Defendant's labeling of the Products as 'Natural' and/or 'All-Natural' unequivocally demonstrates its intent to persuade the consumer the Products are 'Natural' and/or 'All-Natural' because they contain only natural ingredients. However, the Products do not contain only natural ingredients."  Compl. at ¶ 18.  Plaintiff is basing his § 349 claim on the same conduct that is at the core of his false advertising claim.

These allegations do not establish a <u>deceptive scheme</u> on the part of Defendant, much less one that is plausible.  Plaintiff's GBL § 349 claim , therefore, fails and should be dismissed.

### F.    Plaintiff's Claim Does Not Meet The Heightened Pleading Standard for Punitive Damages.

"Punitive damages are available in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime."  *Miteva v. Third Point Mgmt. Co.*, 323 F. Supp. 2d 573, 587 (S.D.N.Y. 2004) (internal quotations and citation omitted).  The mere commission of a tort is not enough to support a claim for punitive damages; rather, "[t]here must be circumstances of aggravation and outrage such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton."  *Id.* (internal quotations and citation omitted).  In order to survive a motion to dismiss, "a claim for punitive damages requires pleading a high degree of moral turpitude or wanton dishonesty."  *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV- 4348, 2014 U.S. Dist. LEXIS 96097, at *33 (S.D.N.Y. Jul. 15, 2014 ) (internal quotations and citation omitted)). The law in the Eastern District of New York is equally clear: "to state a claim for punitive damages in a fraud and deceit action, a defendant must exhibit fraud aimed at the public generally, evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to [sic] imply a criminal indifference to civil obligations."  *Woods*, 2010 U.S. Dist. LEXIS 116595, at *38 (internal quotations omitted); *see also Miteva v. Third Point Mgmt. Co.*, 323 F. Supp. 2d 573, 587 (S.D.N.Y. 2004) ("Something more than the mere commission of a tort is always required for punitive damages.  There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton.") (internal quotations omitted)).

Plaintiff's Complaint does not include any allegations that would adequately support a claim for punitive damages, even under the basic pleading standards to survive a motion to

dismiss. *See Iqbal*, 556 U.S. at 1949 ("As the [Supreme] Court held in *Twombly*, the pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully–harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)). More significantly, however, Plaintiff has failed to plead *any* facts that would indicate that CleanWell acted with "a high degree of moral turpitude or wanton dishonesty," *Brown Rudnick*, 2014 U.S. Dist. LEXIS 96097, at *33, or with "the character of outrage frequently associated with crime." *Miteva*, 323 F. Supp. 2d at 587. Because Plaintiff's allegations do not contain any facts or allegations more serious than accusations of basic tortious conduct, his request for punitive damages fails.

Plaintiff's allegations, however, parrot the requirements of the various New York laws under which he makes his consumer protection claims, including GBL §§ 349 and 350. *See, e.g.*, Compl. ¶ 9 ("Plaintiff relied on Defendant's false, misleading, and deceptive representations that the Products are "Natural' and/or 'All-Natural'"); Compl. ¶ 14 ("Given the presence of these synthetic and artificial ingredients in the Products Defendant's representations that they are 'Natural' and/or 'All-Natural' is deceptive and misleading."); Compl. ¶ 18 ("Defendant's labeling of the Products as 'Natural' and/or 'All-Natural' unequivocally demonstrates its intent to persuade the consumer that the Products are 'Natural' and/or 'All Natural' because they contain only natural ingredients."). Such basic allegations of tortious conduct are not enough to support a request for punitive damages.

The facts alleged in the Complaint do not support a claim that CleanWell acted with "a high degree of moral turpitude or wanton dishonesty," *Brown Rudnick*, 2014 U.S. Dist. LEXIS 96097, at *33, or committed conduct with "the character of outrage frequently associated with crime." *Miteva*, 323 F. Supp. 2d at 587. The Complaint also contains no facts that would support an inference that CleanWell acted with an "evil motive … or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton." *Id*. In support of Plaintiff's request for punitive damages, the Complaint contains conclusory allegations that CleanWell "made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth," and that CleanWell "violated

22

fundamental principles of justice, equity, and good conscience." Compl. ¶¶ 13, 105. These conclusory allegations are set forth without any supporting facts aside from Plaintiff's basic allegations that CleanWell's representations that the Products "are 'Natural' and/or 'All-Natural' is deceptive and misleading." *E.g.*, Compl. ¶ 14. Thus, because Plaintiff has failed to adequately plead facts that would support the remedy of punitive damages, his request for this measure of damages should be dismissed.

### G.    Plaintiff has Failed to State a Claim for Unjust Enrichment.

In order to maintain an action for unjust enrichment, the complaint must contain enough factual allegations that are distinct from the contract and tort claims asserted therein to form an "independent basis for the unjust enrichment claim." *Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397, 408 (S.D.N.Y. 2010); *Koenig*, 995 F. Supp. 2d at 291. (If Plaintiff's other claims do not succeed, "an unjust enrichment claim cannot remedy the defects."). An unjust enrichment claim "is available as a cause of action only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 483-484 (S.D.N.Y. 2014) (internal quotations omitted). District courts consistently grant motions to dismiss unjust enrichment claims when the claim merely duplicates or replaces the state law contract and tort claims. *See Elkind*, 2015 U.S. Dist. LEXIS 63464, at *32 (dismissing Plaintiffs' claims for unjust enrichment and restitution because "they fail to demonstrate how those claims are in any way distinct from the contract and tort claims brought herein"); *Goldemberg*, 8 F. Supp. 3d at 483-484; *Ebin*, 2013 U.S. Dist. LEXIS 174174, at *18 (dismissing plaintiffs unjust enrichment claim as merely duplicative of other causes of action under New York law for violation of GBL § 349, negligent misrepresentation, and fraud). Here, Plaintiff admittedly bases the unjust enrichment claim on "Defendant's unlawful conduct as described in this Complaint" which allowed CleanWell to "realize substantial revenues from selling its Products at the expense of . . . Plaintiff." Compl. ¶ 105. It is undeniable from these allegations that Plaintiff has alleged no independent basis for his unjust

23

enrichment claim.  Therefore, Plaintiff's eighth cause of action for common law unjust enrichment must be dismissed because it merely duplicates the other claims set forth in the Complaint.

## V.   CONCLUSION

The burden is on <u>Plaintiff</u> to set forth a pleading that is sufficiently alleged so as to nudge his claims from conceivable to plausible.  Mere conclusory statements or threadbare recitals of causes of actions will not suffice.  As the products at issue are regulated by the FDA, Plaintiff's state law claims are preempted by the FDCA.  Moreover, Plaintiff lacks standing.  Further, the Complaint does not cross the line between possibility and plausibility of entitlement to relief—as required by federal pleading standards. For these reasons, CleanWell respectfully requests the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.


DATED:  July 15, 2016                              MINTZ LEVIN COHN FERRIS
                                                   GLOVSKY AND POPEO PC


                                                   By:   _/s/: Daniel J. Herling_____
                                                        Daniel J. Herling (admitted *pro hac vice*)
                                                        djherling@mintz.com
                                                        Samantha J. Duplantis (admitted *pro hac vice*)
                                                        44 Montgomery St., 36th Floor
                                                        San Francisco, California  94104
                                                        Telephone: (415) 432-6000
                                                        Facsimile:  (415) 432-6001

                                                        Francis J. Earley
                                                        fjearley@mintz.com
                                                        666 Third Avenue
                                                        New York, New York 10017
                                                        Telephone: (212) 935-3000
                                                        Facsimile:  (212) 983-3115

                                                        Counsel for Defendant
                                                        CLEANWELL, LLC