**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————————— x

Zeve Baumgarten, individually on behalf of :
himself and all others similarly situated and John Does (1-100) :
on behalf of themselves and all others similarly situated, : **Index No.:**
: **1:16-cv-01780-AMD-SMG**
          Plaintiffs, :
v. :
:
:
CleanWell, LLC, :
:
          Defendant. :
:
:

———————————————————————— x


## PLAINTIFF ZEVE BAUMGARTEN'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Jason P. Sultzer, Esq. (Bar ID # JS4546)
Joseph Lipari, Esq. (Bar ID # JL3194)
Adam Gonnelli, Esq. (Bar ID # AG4782)
The Sultzer Law Group P.C.
14 Wall Street, 20th Floor
New York, NY 10005
Tel: (212) 618-1938
Fax: (888) 749-7747
Gonnellia@thesultzerlawgroup.com

*Attorneys for Plaintiff and the Class*

<h1 style="text-align:center"><u>TABLE OF CONTENTS</u></h1>

TABLE OF AUTHORITIES…………………………………………………………......ii - v

INTRODUCTION……………………………………………………………………………1

FACTUAL AND PROCEDURAL BACKGROUND…………………………………………..2

THE SETTLEMENT AGREEMENT…………………………………………………..…………3

ARGUMENT…………………………………………………………………….……………4

      A.  The Court Should Preliminarily Approve the Settlement Agreement……………..4

          a.  The Settlement Agreement is Procedurally Fair…………………………...5

          b.  The Settlement Agreement is Substantively Fair…………………….....6

          c.  The complexity, expense, and likely duration of litigation…………….…6

          d.  The reaction of the class to the settlement…………………………...…..7

          e.  The state of the proceedings and the amount of discovery completed……..7

          f.  The risks of establishing liability and damages…………………………7

          g.  The risk of maintaining class action status through trial…………….…..8

          h.  The ability of Defendant to withstand a greater judgment…………………9

          i.  The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation……………...…9

      B.  The Court Should Preliminarily Certify the Settlement Class…………………….…10

          a.  The Rule 23(a) Prerequisites have been Met……………………………..11

              i.  Numerosity…………………………………………………...11

              ii.  Commonality…………………………………………...…...11

              iii.  Typicality……………………………………………….………12

              iv.  Adequate Representation…………………………….…………13

          b.  The Settlement Class Meets the Rule 23(b)(2) Requirements……………14

      C.  The Notice to the Class is Not Required………………………………………..15

      D.  The Court Should Schedule the Final Approval Hearing…………………...…17

CONCLUSION………………………………………………………………………...…17

i

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Ackerman v. Coca-Cola Co.*,
    2013 U.S. Dist. LEXIS 184232 * 10 (E.D.N.Y. July 17, 2013)………………12, 15, 16

*Amara v. CIGNA Corp.,*
    775 F.3d 510, 519 (2d Cir. 2014)………………………………………………………...14

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 619 (1997)………………………………………………...…………10

*Banyai v. Mazur*,
    No. 00 CIV.9806 SHS, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007)…………..7,8

*Brazil v. Dole Packaged Foods, LLC*,
    No. 12-CV-01831-LHK, 2014 WL 5794873, at *15 (N.D. Cal. Nov. 6, 2014)…………...…8

*Charron v. Pinnacle Grp. N.Y. LLC*,
    874 F. Supp. 2d 179, 201 (S.D.N.Y. 2012)…………………………………...…16

*Charron v. Wiener*,
    731 F.3d 241, 247 (2d Cir. 2013)…………………………………………...………5, 6, 13

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448, (2d Cir. 1974)…………………………………………………….6, 7, 9

*Dupler v. Costco Wholesale Corp.*,
    705 F. Supp. 2d 231 (E.D.N.Y. 2010)……………………………………………....6

*Enriquez v. Cherry Hill Mkt. Corp.*,
    993 F. Supp. 2d 229, 233 (E.D.N.Y. 2014)…………………………………...……12

*Flores v. Mamma Lombardi's of Holbrook, Inc.*,
    No. 12-cv-3532, 2015 WL 2374515, at *4 (E.D.N.Y. May 18, 2015)……………………5

*Fogarazzao v. Lehman Bros., Inc.*,
    232 F.R.D. 176, 180 (E.D.N.Y. 2005)…………………………………...……12

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147, 160 (1982)…………………………………………………….…8

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43 (2d Cir. 2000)…………………………………………...……………6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011, 1026 (9th Cir. 1998)……………………………………………………4

*In re J.P. Morgan Chase Cash Balance Litig.*,
    242 F.R.D. 265, 277-78 (S.D.N.Y. 2007)…………………………………………...……16

*In re Med. X-Ray Film Antitrust Litig.*,
    No. CV-93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998)………………..…8

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*,
    241 F.R.D. 185, 199 n.99 (S.D.N.Y. 2007)…………………………………………...……14

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013)……………………………………………...…7

*In re Quaker Oats Labeling Litig.*,
    No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014)……………………….…9, 10

*Jermyn I*,
    256 F.R.D. at 434…………………………………………………………...……15

*Johnson v. General Motors Corp.*,
    598 F.2d 432, 437 (5th Cir. 1979)…………………………………………...……16

*Liao v. Holder*,
    691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010)……………………………...……15

*Lilly v. Jamba Juice Co*.,
    No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015)………………………9, 10

*Marisol A. v. Giuliani*,
    126 F.3d 372, 376 (2d Cir. 1997)…………………………………………………11, 13

*McReynolds v. Richards-Cantave*,
    588 F.3d 790, 803--04 (2d Cir. 2009)………………………………………………...…5, 6

*Mills v. Capital One, N.A.*,
    No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *6 (S.D.N.Y. Sept. 30, 2015)………………9

*Moore v.  Margiotta*,
    581 F. Supp. 649, 652 (E.D.N.Y. 1984)……………………………………………13

*Nicotra v. Babo Botanicals, LLC*,
    No. 2:16-cv-00296 (ADS) (GRB)…………………………………...………9, 15

*Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co*.,
    772 F.3d 111, 120 (2d Cir. 2014)…………………………………………………...11

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523, 540-41 (N.D. Cal. 2012)…………………………………....……14, 15

*Robidoux v. Celani*,
   987 F.2d 931, 935 (2d. Cir. 1993)……………………………………………………11, 12

*Robinson v. Metro-N. Commuter R.R.,*
   267 F.3d 147, 165 (2d Cir. 2001)…………………………………………...…………………16

*Shariff v. Goord*,
   No. 04-CV-6621, 2006 U.S. Dist. LEXIS 49957, at *34 (W.D.N.Y. July 20, 2006)……16

*Sykes v. Mel S. Harris & Assocs. LLC*,
   780 F.3d 70, 84 (2d Cir. 2015)………………………………………………………………12, 15

*United States v. N.Y. City Bd. of Educ.*,
   448 F. Supp. 2d 397, 446 (E.D.N.Y. 2006)……………………………………...………16

*Viafara v. MCIZ Corp.*,
   No. 12 CIV 7452 RLE, 2014 WL 1777438, at *7 (S.D.N.Y. May 1, 2014)……………......9

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541, 2551 (2011)……………………………………………………....…11, 14

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96, 116 (2d Cir. 2005)...............................................................................................5

*Willix v. Healthfirst, Inc.*,
   No. 07-cv-1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011)………………….…7

*Zeltser v. Merrill Lynch & Co.*,
   No. 13 CIV 1531 FM, 2014 WL 4816134, at *6 (S.D.N.Y. Sept. 23, 2014)………….7, 8


## Statutes

Fed. R. Civ. P. 23(a)(1)……………………………………………………………..…11

Fed. R. Civ. P. 23(a)(2)……………………………………………………………...…11

Fed. R. Civ. P. 23(a)(3)………………………………………………………...…………12

Fed. R. Civ. P. 23(a)(4)………………………………………………………..…………13

Fed. R. Civ. P. 23(e)(2)……………………………………………………………………5

FRCP 23(b)(2)………………………………………………………………………………3

Rule 23(a)…………………………………………………………...…10, 11, 12, 13, 15

Rule 23(b)…………………………………………………………………………10, 15

Rule 23(b)(1)…………………………………………………………..……………15

Rule 23(b)(2)……………………………………………………………10, 14, 15, 16

Rule 23(b)(3)……………………………………………………………………………8

Rule 23(c)(2)(A)…………………………………………………………...…15, 17

Rule 23(e)(2)……………………………………………………………………..17

## Introduction

Plaintiff Zeve Baumgarten, who replaces former plaintiff Ari Rosner, on behalf of himself and the proposed Class, seeks preliminary approval of the proposed settlement of this false advertising action, which asserts that Defendant CleanWell, LLC, deceptively labeled its soaps and hand sanitizers as "Natural" and/or "All Natural" even though the products contain synthetic ingredients such as the preservatives sodium citrate and sodium coco-sulfate. The proposed settlement[1] is the culmination of extensive negotiations and debate regarding Plaintiff's claims. The proposed settlement resolves Mr. Baumgarten's and class members' claims for injunctive relief against Defendant, as well as Mr. Baumgarten's individual claim for damages. The proposed non-opt-out class consists of purchasers of CleanWell products throughout the United States between June 15, 2011 through the date of the Court's approval. The proposed settlement will result in injunctive relief to the class members. The settlement also provides for an award of reasonable attorneys' fees and costs agreed upon by the parties.

After thorough investigation and analysis, all counsel recognize the substantial risks the parties would face if the action progressed. Class counsel also recognizes the significant challenges that would be faced in attempting to certify the class under Fed. R. Civ. Proc. 23(b)(3). The settlement is the result of vigorous advocacy and arms' length negotiations by counsel for the parties, who are experienced in false and deceptive advertising and labeling and unfair business practices litigation. As set forth below, all prerequisites for preliminary approval of the settlement have been met, and thus the settlement should be preliminarily approved and this motion granted.

---

[1] The proposed settlement is attached as Exhibit 1 to the Declaration of Adam Gonnelli in Support of Plaintiff Zeve Baumgarten's Motion for Preliminary Approval of Settlement and Preliminary Certification of Settlement Class ("Gonnelli Decl."), submitted with this motion.

## Factual and Procedural Background

Plaintiff Ari Rosner, the former named plaintiff, filed his complaint on April 13, 2016. He alleged that consumers were misled by CleanWell's use of the terms "All Natural" and "Natural" on its labels, advertising, and marketing materials of its soaps and hand sanitizers. Mr. Rosner further alleged that the presence of synthetic ingredients, specifically the preservatives sodium citrate and sodium coco-sulfate, cause the "natural" claims to be deceptive and misleading and that the products do not meet the reasonable expectations of consumers.

Following a pre-motion conference before the Court on June 1, 2016, the parties met and conferred concerning CleanWell's anticipated motion to dismiss Mr. Rosner's claims and to strike his class allegations. These issues were fully briefed by the parties and submitted to the Court on September 12, 2016.

While these motions were pending, the parties exchanged documents and information the parties believed necessary to engage in effective settlement discussions. This information included sales and financial information. Plaintiff's counsel preliminarily engaged a consultant to evaluate the claims and potential for establishing a method for calculating damages and analyzed the difficulties of establishing a formula to determine the value of individual consumers' monetary damages claim. (Gonnelli Decl. ¶¶ 11-12).

Following extensive negotiations, the parties reached a settlement in principle for injunctive relief on December 19, 2016. The parties finalized and documented the proposed settlement in March of 2017. (Gonnelli Decl. ¶ 14).

Mr. Rosner subsequently withdrew as lead plaintiff. On April 3, 2017 plaintiff Zeve Baumgarten, who had purchased a wider variety of CleanWell products than Mr. Rosner, joined the action by filing an amended complaint. (Gonnelli Decl. ¶ 5).

# The Settlement Agreement

The terms of the proposed settlement are as follows:

- <u>The Settlement Class</u> includes all consumers nationwide who purchased CleanWell products for personal, family, or household use on or after June 15, 2011 up to and including the date of preliminary approval. The Settlement Class excludes any claims for personal injury. Also excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

- <u>Injunctive Relief</u>: The FRCP 23(b)(2) Settlement Class relief is injunctive only, and:

- requires that within a commercially reasonable time but no longer than 90 days upon the expiration of the Grace Period, CleanWell shall not manufacture or cause to be manufactured any Product intended to be sold to consumers within the United States labeled, represented, or marketed as "Natural" or "All Natural" if the Products contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- requires CleanWell within a commercially reasonable time but no longer than 30 days after the Court's approval of the proposed settlement to remove the terms "Natural" and "All Natural" from the Principal Display Panel of any online images of its Products on its website or any other website on which CleanWell sells its Products, that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- within a commercially reasonable time but no longer than 90 days after the settlement is

approved, CleanWell will stop using the terms "Natural" or "All Natural" in its advertising or marketing for its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources.

- The Agreement will specifically not prohibit or limit CleanWell's right or ability to use, or permit others to use, in accordance with all applicable laws and regulations, its licenses, logos, taglines, product descriptors, or registered trademarks.

- <u>Class Representative Service Award</u>: CleanWell has agreed not to oppose service awards of up to $1,500 for the plaintiffs.

- <u>Attorneys' Fees and Costs</u>: Class counsel shall be awarded its reasonable attorneys' fees at an amount agreed upon by, and to be confidential between, the named parties.

- <u>Release</u>: In exchange for the above benefits, Plaintiffs and Class Members have agreed to release certain claims. Upon the court's entry of the Fairness Hearing Order and Final Judgment, each of the Plaintiffs and Class Members will release and forever discharge defendant from liability for any and all actions or claims arising out of or in any way relating to conduct that was or could have been alleged in this Action, however, Class Members do not release Defendant with respect to any claims for monetary relief arising from or related to CleanWell's labeling, advertising, and or marketing of the Products in the United States.

## **ARGUMENT**

### A. **The Court Should Preliminarily Approve the Settlement Agreement**

The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, a court may approve a class action settlement

"only . . .on finding that [the agreement] is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). The "fair, reasonable and adequate" standard effectively requires parties to show that a settlement agreement is both: (1) procedurally fair and (2) substantively fair. *See Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citations omitted); *accord McReynolds v. Richards-Cantave*, 588 F.3d 790, 803--04 (2d Cir. 2009). In recognition of the "strong judicial policy in favor of settlements, particularly in the class action context," courts evaluating settlement agreements adopt a presumption of both their procedural and substantive fairness. *See McReynolds*, 588 F.3d at 803 (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 116 (2d Cir. 2005)). The Settlement Agreement here is both procedurally and substantively fair.

### a. The Settlement Agreement is Procedurally Fair

To demonstrate the procedural fairness of a settlement agreement, a party must show that the agreement "is the product of arms-length, good faith negotiation." *McReynolds*, 588 F.3d at 804. Factors that demonstrate this include the duration and transparency of negotiations, the experience of counsel, and the extent of discovery in litigation. *Flores v. Mamma Lombardi's of Holbrook, Inc.*, No. 12-cv-3532, 2015 WL 2374515, at *4 (E.D.N.Y. May 18, 2015).

Here, Class Counsel conducted a thorough investigation and evaluation of the claims and defenses prior to filing the action and continued to analyze the claims throughout the pendency of the case. Prior to agreeing to the Settlement, Class Counsel conducted significant discovery. Through the investigation, discovery, and ongoing analysis, and through litigation of the motions brought by CleanWell, Class Counsel obtained a thorough understanding of the strengths and weaknesses of the case. (Gonnelli Decl. ¶¶ 9-13.) Further, Class Counsel have substantial experience litigating class actions and negotiating class settlements. (*Id.* at ¶ 21.)

For the foregoing reasons, the Settlement Agreement is procedurally fair.

**b.     The Settlement Agreement is Substantively Fair**

To demonstrate the substantive fairness of a settlement agreement, a party must show that as many of the nine factors the Second Circuit U.S. Court of Appeals set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ("*Grinnell*"), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), as possible weigh in favor of approving the settlement agreement. *Charron*, 731 F.3d at 247 (citations omitted).

The nine *Grinnell* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement ... in light of the best possible recovery; (9) the range of reasonableness of the settlement ... to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804 (*quoting Grinnell*, 495 F.2d at 463). These factors overwhelmingly favor preliminary approval of the Settlement Agreement.

**c.     The complexity, expense, and likely duration of litigation**

Consumer class action lawsuits, like this action, are complex, expensive, and lengthy. *See, e.g., Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010). Should the Court decline to approve the Settlement Agreement, further litigation would include significant document discovery, depositions and expert testimony for both a class certification motion and on the merits; contested *Daubert* motions on damages and merits experts; and possible summary judgment motions. Each step towards trial would be subject to Defendant's vigorous opposition (and possible interlocutory appeal). Even if the case were to proceed to judgment on the merits, any final judgment would likely be appealed, which would take

significant time and resources. These litigation efforts would be costly to all Parties and would require significant judicial oversight. (Gonnelli Decl. ¶¶ 15-19).

### d. The reaction of the class to the settlement

It is premature to address the reaction of the Settlement Class to the settlement.

### e. The stage of the proceedings and the amount of discovery completed

The third *Grinnell* factor--the stage of the proceedings and the amount of discovery completed--considers "whether Class Plaintiffs had sufficient information on the merits of the case to enter into a settlement agreement . . . and whether the Court has sufficient information to evaluate such a settlement." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013) (citations omitted). Here, Plaintiff's counsel conducted sufficient informal discovery to evaluate the case, especially on the damages issue. (Gonnelli Decl. ¶¶ 11-12, 18). *See Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM, 2014 WL 4816134, at *6 (S.D.N.Y. Sept. 23, 2014) ("Here, through both formal discovery and an informal exchange of information prior to mediation, Plaintiffs obtained sufficient discovery to weigh the strengths and weaknesses of their claims and to accurately estimate the damages at issue."). That information, combined with the analysis done in connection with the motion practice, ensured that Counsel had sufficient information to evaluate the settlement.

### f. The risks of establishing liability and damages

"Litigation inherently involves risks." *Willix v. Healthfirst, Inc.,* No. 07-cv-1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (citation omitted). "[I]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *Banyai v.*

*Mazur*, No. 00 CIV.9806 SHS, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007) (citation omitted); *accord Zeltser*, 2014 WL 4816134, at *6.

Plaintiff recognizes that, as with any litigation, the actions involve uncertainties as to their outcome. (Gonnelli Decl. ¶¶ 15-18). Defendant continues to deny Plaintiff's allegations, and should this matter proceed, it would vigorously defend itself on the merits. Defendant would likely appeal, if possible, any decisions in Plaintiff's favor. Defendant would challenge Plaintiff at every litigation step, presenting significant risks of ending the litigation while increasing costs to Plaintiff and the Settlement Class members. Further litigation presents no guarantee for recovery or injunctive relief that is an improvement over that obtained here. (Gonnelli Dec. ¶¶ 15-18). For these reasons, the risks of establishing liability and damages strongly support preliminary approval.

### g. The risk of maintaining class action status through trial

The case settled before a ruling on CleanWell's motion to strike Plaintiff's class allegations, let alone a ruling on class certification. If the case were litigated, Defendant would vigorously oppose class certification. *See In re Med. X-Ray Film Antitrust Litig.*, No. CV-93-5904, 1998 WL 661515, at *5 (E.D.N.Y. Aug. 7, 1998) (possibility that defendant would challenge maintenance of class in absence of settlement was risk to class and potential recovery). Furthermore, even if the Court were to certify a litigation class, the certification order would not be set in stone. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *see also Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 5794873, at *15 (N.D. Cal. Nov. 6, 2014) (decertifying Rule 23(b)(3) class in consumer fraud case). Given the risks, this factor weighs in favor of final approval. *See,*

*e.g., Mills v. Capital One, N.A.*, No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *6 (S.D.N.Y. Sept. 30, 2015).

### h.    The ability of Defendant to withstand a greater judgment

Plaintiffs' Counsel has reviewed CleanWell's sales and financial data.  They have concluded that the ability of CleanWell to pay a judgment of any significance is uncertain. (Gonnelli Decl. ¶ 18).  In any case, a "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE, 2014 WL 1777438, at *7 (S.D.N.Y. May 1, 2014) (citation omitted).  The Settlement Agreement, as discussed above, affords the Settlement Class substantial benefits. The Settlement Agreement achieves the Settlement Class' goal of changing the Products' labeling, advertising, and marketing.

### i.    The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation.

The eighth and ninth *Grinnell* factors are also supported by the Settlement.  The relief provided by the Settlement Agreement is within the range of reasonableness, in light of the best possible recovery and in light of all the attendant risks of litigation. Courts have consistently approved injunction-only settlement agreements that resolve mislabeling class actions. *See, e.g.*, *Nicotra v. Babo Botanicals, LLC*, No. 2:16-cv-00296 (ADS) (GRB), (E.D.N.Y. September 17, 2016) (final approval order attached as Exhibit 3 to the Gonnelli Decl.); *Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015); *In re Quaker Oats Labeling Litig.*, 2014 U.S. Dist. LEXIS 104941 (N.D. Cal. July 29, 2014). In doing so, these courts have emphasized that the relief obtained in these settlements--"complete relabeling of . . . challenged

products"-- "provides meaningful injunctive relief . . . within the range of possible recoveries by the Class." *See Lilly*, 2015 WL 2062858, at *4.

Here, the Settlement Agreement requires relabeling of the Product to remove the terms "Natural" and "All Natural" on its Products' front label and prohibits Defendant from using "Natural" or "All Natural" in its labeling, marketing, or advertising for products that contain synthetic ingredients or preservatives that are not derived from natural plant or mineral sources. This relief constitutes a "complete relabeling of . . . challenged products," and amounts to "meaningful injunctive relief . . . within the range of possible recoveries by the Class." *See Lilly*, 2015 WL 2062858, at *4; Final Order Approving Class Action Settlement at 4, *In re Quaker Oats Labeling Litig*., No. 5:10-cv-00502-RS, *supra* p. 11. Thus, consideration of the range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation weighs in favor of approving the Settlement Agreement.

**B.**     **The Court Should Preliminarily Certify the Settlement Class**

A court may certify a settlement class upon finding that the action underlying the settlement satisfies all Rule 23(a) prerequisites and one of the requirements of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). As set forth more fully below, the proposed settlement class satisfies all of the prerequisites of Rule 23(a) and 23(b)(2) and Plaintiff respectfully asks the Court to certify the Settlement Class for settlement purposes.

### a.     The Rule 23(a) Prerequisites have been Met

Rule 23(a) has four prerequisites for certification of a class: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequate representation. The Settlement Class meets each of these four prerequisites and satisfies Rule 23(a).

### i.     Numerosity

Under the numerosity prerequisite of Rule 23(a), plaintiffs must show that their proposed class is "so numerous that joinder of all [its] members is impracticable." Fed. R. Civ. P. 23(a)(1). The Second Circuit has consistently treated this prerequisite liberally, explaining that numerosity will be found where a proposed class is "obviously numerous." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d. Cir. 1993). Though no magic number of class members exists for meeting the numerosity prerequisite, courts "presume [the prerequisite is met] for classes larger than forty members." *Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014). Here, it is undisputed that the Settlement Class is "obviously numerous," including thousands of consumers.

### ii.     Commonality

Under the commonality prerequisite of Rule 23(a), plaintiffs must show that "questions of law or fact common to the [proposed] class" exist. Fed. R. Civ. P. 23(a)(2).  The U.S. Supreme Court has clarified that this prerequisite will be found where proposed class members have brought claims that all centrally "depend upon [the resolution of] a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Second Circuit has construed

this instruction liberally, holding that plaintiffs need only allege injuries "derive[d] from defendants' . . .unitary course of conduct." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015). Here, Settlement Class Members bring claims that centrally depend on the resolution of a common contention—whether the presence of sodium citrate and/or sodium coco-sulfate cause the "Natural" and "All Natural" claim to mislead a reasonable consumer. Plaintiff contends here that whether or not the "Natural" and "All Natural" claims were misleading or deceptive to a reasonable consumer is a single question of fact that satisfies the commonality prerequisite, and "plaintiffs are not [further] required to demonstrate that all of the [proposed] class members had identical motivations for purchasing" the Products. *Ackerman v. Coca-Cola Co*., 2013 U.S. Dist. LEXIS 184232 * 10 (E.D.N.Y. July 17, 2013). Thus, the commonality prerequisite of Rule 23(a) is satisfied here.

iii.    Typicality

Under the typicality prerequisite of Rule 23(a), plaintiffs must show that their proposed class representatives' claims "are typical of the [class'] claims." Fed. R. Civ. P. 23(a)(3). The Second Circuit U.S. Court of Appeals has interpreted this prerequisite to require plaintiffs to show that "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux*, 987 F.2d at 936--37 (citations omitted). District courts in the Second Circuit, moreover, have repeatedly found this prerequisite easily satisfied, particularly in consumer class action cases. *See Enriquez v. Cherry Hill Mkt. Corp*., 993 F. Supp. 2d 229, 233 (E.D.N.Y. 2014); *Fogarazzao v. Lehman Bros., Inc*., 232 F.R.D. 176, 180 (E.D.N.Y. 2005) ("The typicality requirement is not demanding.") (internal citations and quotation marks omitted).

Here, the claims of the new proposed class representative, Mr. Baumgarten, are typical of the Settlement Class's claims. *See* Document No. 33, Amended Complaint ¶ ¶8-9. Mr. Baumgarten and the rest of the Settlement Class all allege that Defendant committed the same unlawful conduct--misleadingly labeling its Products, in violation of New York deceptive trade practices statutes and the common law, as well as the consumer protection laws of each of the 50 states.

iv.         Adequate Representation

Finally, under the adequate representation prerequisite of 23(a), plaintiffs must show that their proposed class representatives will "fairly and adequately protect the interests of the [proposed] class." Fed. R Civ. P. 23(a)(4). To do this, plaintiffs must demonstrate that: (1) the class representatives do not have conflicting interests with other class members; and (2) class counsel is "qualified, experienced and generally able to conduct the litigation." *Marisol A.*, 126 F.3d at 378. For the first requirement (adequacy of class representatives), Second Circuit courts have required that plaintiffs merely show that "no fundamental conflicts exist" between a class's representative(s) and its members. *See Charron*, 731 F.3d at 249. Here, Mr. Baumgarten possesses the exact same interests as the proposed settlement class members because he and the settlement class were all allegedly injured in the same manner based on the same misleading representations. Mr. Rosner has concluded that he can no longer adequately represent the proposed class, and has withdrawn. *See* Gonnelli Decl. ¶ 5.)

With respect to the second requirement, Class Counsel are qualified, experienced, and generally able to conduct the litigation. (Gonnelli Decl.¶ 21 and Exhibit 2.) *See, e.g., Moore v. Margiotta*, 581 F. Supp. 649, 652 (E.D.N.Y. 1984). Further, they have invested the necessary

time and resources into the prosecution of the case. (Gonnelli Decl. ¶ 21.)  Counsel also has a proven track record of successful prosecution of significant class actions.  *Id.* "In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 241 F.R.D. 185, 199 n.99 (S.D.N.Y. 2007) (citation omitted).

### b.　　The Settlement Class Meets The Rule 23(b)(2) Requirements

The Settlement Class should be preliminarily certified because it is seeking injunctive relief and meets all Rule 23(b)(2) requirements.

Rule 23(b)(2) reads: "A class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . .".

The Second Circuit has stated that "Certification of a class under Rule 23(b)(2) is appropriate where the remedy sought is "an indivisible injunction" that applies to all class members "at once." Amara v. CIGNA Corp., 775 F.3d 510, 519 (2d Cir. 2014) (quoting *Dukes*, 131 S. Ct. at 2558).  In *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 540-41 (N.D. Cal. 2012), the Northern District of California court certified a class based on Rule 23(b)(2) for allegations of advertising a product as "all natural".  The court stated:

> This case exemplifies the kind of action that may be appropriate for certification under Rule 23(b)(2), at least insofar as plaintiffs request: (1) declaratory relief that the alleged practices are unlawful, and (2) injunctive relief prohibiting defendants from continuing them. *See Dukes,* 603 F.3d at 571. Those requests can be satisfied with "indivisible" equitable relief that benefits all class members at once, as the Rule suggests.

Here, Mr. Baumgarten has individually relinquished his demand for monetary damages and seeks only classwide injunctive relief.  Like the class members in *Sykes*, 780 F.3d at 84, and *Arizona Beverage*, this relief would, in remedying the Products' labeling, benefit each Settlement Class Member at once. Moreover, as the court in *Ackerman* held, "equitable relief in the form of an injunction would be an appropriate remedy" for the Settlement Class.  *Ackerman*, 2013 WL 7044866, at *17 (defendants clearly "acted ... on grounds generally applicable to the class," and injunctive relief constitutes a significant aspect of the relief sought. If, as plaintiffs allege, the name "vitaminwater" is misleading to a reasonable consumer, then equitable relief in the form of an injunction would be an appropriate remedy."); *see also Jermyn I*, 256 F.R.  D. at 434 (certifying class under Rule 23(b)(2) and noting that New York law "place[s] a high value on this type of injunctive relief.").

Accordingly, the Settlement Class should be found to meet Rule 23(b); and, as the Settlement Class also satisfies the Rule 23(a) prerequisites, the Class should be preliminarily certified for injunctive relief.

## C. Notice to the Class is Not Required

Notice to the class is not required where a class is certified under Rule 23(b)(2).  *See* Rule 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court **may** direct appropriate notice to the class.") (emphasis added).

In the Second Circuit, courts generally do not issue notice where the relief to the class is only injunctive, as it is here.  "Due to the nature of the relief being sought, class members in Rule 23(b)(2) actions are not generally afforded notice and an opportunity to opt out." *Liao v. Holder*, 691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010).  *See also Nicotra v. Babo Botanicals*, *LLC*, No. 2:16-cv-00296 (ADS) (GRB), Preliminary Approval Order at 5 (E.D.N.Y. September 17, 2016)

(explicitly declining to order notice in case involving injunctive only settlement where defendant was required to remove "Natural" and "All Natural" claims brought by undersigned counsel) (preliminary approval order attached to Gonnelli Declaration as Exhibit 4); *Ackerman v. Coca-Cola Co.*, No. 09 CV 395, 2013 U.S. Dist. LEXIS 184232 at *24 n.13 (E.D.N.Y. July 17, 2013) ("Where a class is certified pursuant to Rule 23(b)(2), no notification is required for absent class members."); *Charrons v. Pinnacle Grp. NY LLC*, 269 F.R.D. 221, 244 (S.D.N.Y. 2010) (requiring notice to (b)(3) class but not (b)(2) class); *United States v. N.Y. City Bd. of Educ.*, 448 F. Supp. 2d 397, 446 (E.D.N.Y. 2006) ("Because the Court has certified the class under Rule 23(b)(2), it need not provide notice to the class members or afford them an opportunity to opt out."); *Shariff v. Goord*, No. 04-CV-6621, 2006 U.S. Dist. LEXIS 49957, at *34 (W.D.N.Y. July 20, 2006) (no notice ordered in (b)(2) class seeking remedial training for corrections employees).

Notice is not required because adequacy of representation alone satisfies due process concerns:

> Where class-wide injunctive or declaratory relief is sought in a (b)(2) class action for an alleged group harm, there is a presumption of cohesion and unity between absent class members and the class representatives such that adequate representation will generally safeguard absent class members' interests and thereby satisfy the strictures of due process.

Robinson v. Metro-N. Commuter R.R., 267 F.3d 147, 165 (2d Cir. 2001) (citing *Johnson v. General Motors Corp.*, 598 F.2d 432, 437 (5th Cir. 1979)).

Financial concerns also play a role. Where due process rights are not implicated, courts have elected not to provide costly notice to large numbers of absent class members. *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277-78 (S.D.N.Y. 2007) ("Given the potential number of plaintiffs in the proposed class and the financial burden to the representative plaintiffs, the Court will not require notice to the absent class members at this stage of the

litigation."); Fed. R. Civ. P. 23(c)(2)(A) advisory committee's note ("The court may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice.").

Here, the relief is a change to the labeling of CleanWell products. CleanWell will stop claiming its products are "All Natural" or "Natural" if they contain synthetic ingredients. This purely injunctive relief does not implicate the due process concerns that are present when an absent class member's right to pursue monetary damages may be extinguished.

### D.   **The Court Should Schedule the Final Approval Hearing**

Finally, pursuant to Rule 23(e)(2), Mr. Baumgarten requests that the Court schedule the time, date, and place of the Final Approval Hearing Date.

### CONCLUSION

For the foregoing reasons, Mr. Baumgarten respectfully requests that this court: (1) certify the Settlement Class for the purpose of settlement; (2) preliminarily approve the Settlement Agreement; and (3) set a date and time for the Final Approval Hearing.

Date:  April 3, 2017                    THE SULTZER LAW GROUP P.C.

                                        By:____/s/ Adam Gonnelli_____
                                            Jason P. Sultzer, Esq. (Bar ID # JS4546)
                                            Joseph Lipari, Esq. (Bar ID # JL3194)
                                            Adam Gonnelli (Bar ID # AG4782)
                                            14 Wall Street, 20th Floor
                                            New York, NY 10005
                                            Tel: (212) 618-1938
                                            Fax: (888) 749-7747
                                            Gonnellia@thesultzerlawgroup.com

                                            *Attorneys for Plaintiff and the Class*