UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZEVE BAUMGARTEN, individually on behalf of himself and all others similarly situate d and JOHN DOES (1-100) on behalf of themselves and all others similarly situated,

           Plaintiffs,

V.

CLEANWELL, LLC,

           Defendant.

Case No.: 1:16-cv-01780-AMD-SMG

**DECLARATION OF ADAM GONNELLI IN SUPPORT OF PLAINTIFF ZEVE BAUMGARTEN'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

Pursuant to 28 U.S.C. § 1746, I, Adam Gonnelli, declare as follows

1. I am a partner at The Sultzer Law Group. P.C., counsel for plaintiff in the above- captioned action.

2. I am a member in good standing of the state bars of New York, as well as the bars of numerous federal courts, including the U.S. District Courts for the Southern, Eastern, and Northern Districts of New York and the District of New Jersey.

3. I respectfully submit this declaration in support of Plaintiff Zeve Baumgarten's Unopposed Motion for Preliminary Approval of the Settlement and Preliminary Certification of the proposed Settlement Class.

4. The facts set forth in this declaration are based on my personal knowledge, and I would competently testify to them if called upon to do so.

5. The Sultzer Law Group represented Ari Rosner and Zeve Baumgarten in this action. Mr. Rosner has asked to be removed from the action. Mr. Baumgarten has filed an amended complaint and is replacing Mr. Rosner as the lead plaintiff.

6. The Sultzer Law Group has been responsible for prosecution of the Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

7. Plaintiff Zeve Baumgarten, on behalf of himself and the proposed injunctive Class, seeks preliminary approval of the proposed settlement.

8. This action alleges that the use of the terms "All Natural" and "Natural" on the labels and marketing material of CleanWell's line of soaps and hand sanitizers mislead consumers because of the presence of the preservatives sodium citrate and sodium coco-sulfate.

9. Counsel conducted a thorough investigation and evaluation of the claims and defenses prior to filing the action and continued to analyze the claims throughout the pendency of the case.

10. After thorough investigation and analysis, all counsel recognize the substantial risks the parties would face if the action progressed. Plaintiff's counsel recognizes the significant challenges that would be faced in attempting to certify the class under Fed. R. Civ. Proc. 23(b)(3).

11. Prior to agreeing to the Settlement, the parties fully briefed CleanWell's motions to dismiss Mr. Rosner's claims and to strike his class allegations. Counsel also engaged in sufficient discovery and analysis, including that of CleanWell's sales and finances, to obtain an understanding of the strengths and weaknesses of the case.

12. Counsel also engaged a consultant to help establish a suitable damages model based on a price premium theory.

13. Additionally, in the process of investigating and litigating the Action, class counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases.

14. After CleanWell's motions were fully briefed, but before they were decided, the parties engaged in extensive settlement negotiations which resulted in an agreement in principle on December 19, 2016 and a fully executed agreement in March of 2017.

15. If the case does not settle, the parties would resume litigation of CleanWell's Rule 12(b)(6) motion and motion to strike the class allegations. If CleanWell achieved anything other than complete success on these motion, the parties would embark on an extensive and costly discovery process leading to Plaintiff's class certification motion, possible summary judgment motion or motions, and eventually trial. There would likely be extensive expert testimony and related *Daubert* motions at the class certification stage concerning, among other issues,

the viability of plaintiff's proposed damages model. If a class were ultimately certified, CleanWell might attempt to decertify the class at a later stage. Summary judgment proceedings and, if needed, trial, would also involve expert testimony and related evidentiary motions on the meaning of and a reasonable consumer's understanding of, CleanWell's use of the terms "Natural" and "All Natural."

16. Each step towards trial would be subject to defendant's vigorous opposition and possible appeal.

17. Even if the case were to proceed to judgment on the merits, any final judgment would likely be appealed, which would take significant time and resources.

18. Lastly, even if a favorable judgment were upheld, there is no guarantee of any payment to the class. Counsel has reviewed CleanWell's sales and financials, and has concluded that there is a very real risk that CleanWell would not be able to pay more than a de minimus judgment. Accordingly, further litigation presents no guarantee for any recovery.

19. These litigation efforts would be costly to all parties and would require significant judicial oversight.

20. In light of all of the foregoing, class counsel believe the settlement confers substantial benefits upon the Settlement Class Members. Class Counsel has evaluated the Settlement and determined it is fair, reasonable, and adequate to resolve plaintiffs' grievances and is in the best interest of the Settlement Class.

21. A copy of the proposed settlement agreement is attached as Exhibit 1.

22. Class Counsel have substantial experience litigating class actions and negotiating class settlements. Class Counsel are qualified, experienced, and generally able to conduct the litigation. To date, they have invested considerable time and resources into the prosecution of the Action. Class counsel has a proven track record of successful prosecution of significant class actions. A copy of the firm's resume is attached as Exhibit 2.

23. A copy of the Final Approval Order in the matter of *Nicotra v. Babo Botanicals*, *LLC* is attached as Exhibit 3.

24. A copy of the Preliminary Approval Order in the matter of *Nicotra v. Babo Botanicals*, *LLC* is attached as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2017, at New York.

_____
Adam Gonnelli