# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JENNIFER NICOTRA, individually on behalf of herself and all others similarly situated and JOHN DOES (1-100) on behalf of themselves and all others similarly situated,

                  Plaintiffs,

v.

BABO BOTANICALS, LLC,

                  Defendant.

Case No.: 2:16-cv-00296-ADS-GRB

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND SCHEDULING DATE FOR FINAL FAIRNESS HEARING

Upon consideration of Plaintiff Jennifer Nicotra's ("Plaintiff") unopposed motion for preliminary approval, and the entire record herein, the Court grants preliminary approval to the Settlement contained in the Parties' Settlement Agreement upon the terms and conditions set forth in this Order. The Court makes the following:

### FINDINGS OF FACT

1. Plaintiff brought her unopposed motion for preliminary approval before the court on August 31 2016, with the consent of Babo Botanicals, LLC. ("Defendant").

2. On January 20, 2016, Nicotra, through her counsel, filed a putative class action complaint against Defendant (the "Lawsuit").

3. In the Lawsuit, Plaintiff alleges consumers are misled by Defendant's use of the claim "all natural" on the labels, advertising, and marketing of its personal care products, which consist of shampoos, conditioners, sunscreens, and lotions for babies and adults. Plaintiff further alleges that the presence of synthetic ingredients, specifically the preservatives sodium benzoate and potassium sorbate, cause the "all natural" claim to be deceptive and misleading. And, plaintiff alleges Defendant's products, labeled with an "all natural" statement on the products' principal display panel, do not meet consumers' expectations because of the presence of these synthetic preservatives.

4. Before entering into the Settlement Agreement, Plaintiff's counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses in the Lawsuit. As part of that investigation, as well as through formal discovery, Plaintiff's counsel obtained information from Defendant, including information concerning marketing, labeling, product formulation, sales, and pricing.

5. The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Lawsuit, pursuant to the terms of the Settlement Agreement, subject to the approval of the Court.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:**

6. <u>Stay</u>. All non-settlement-related proceedings in the Lawsuit are hereby stayed and suspended until further order of the Court.

7. **<u>Preliminary Class Certification for Settlement Purposes Only</u>**. The Court hereby preliminarily certifies a nationwide plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiff Nicotra and Class Counsel are adequate representatives of the Class. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Lawsuit shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendant retains all

rights to assert that the Action may not be certified as a class action, other than for settlement purposes.

8. **Class Definition**. All consumers nationwide who, on or after January 20, 2012, up to and including the Preliminary Certification Approval Order date, purchased the Products for personal, family, or household use. Excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest. "Products" means any of the Babo products referenced in the Lawsuit.

9. **Class Representatives and Class Counsel**. The Court appoints Jason Sultzer and Joseph Lipari of The Sultzer Law Group as counsel for the Settlement Class. Jennifer Nicotra is hereby appointed as Class Representative.

10. **Preliminary Settlement Approval**. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Fairness Hearing provided for below.

11. **Jurisdiction**. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

12. **Fairness Hearing**. A Fairness Hearing shall be held on September 21, 2016, at 11:00 am. at the United States District Court for the Eastern District of New York, in Courtroom 840, 100 Federal Plaza P.O. Box 9014 Central Islip, NY 11722-9014, to determine, among other things: whether the Lawsuit should be finally certified as a

nationwide class action for settlement purposes pursuant to Rule 23(b)(2); whether the Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; whether Settlement Class Members should be bound by the release set forth in the Settlement Agreement; and whether the application of the named Plaintiff for an Incentive Award should be approved. Additional submissions of the Parties in support of the Settlement shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing. Defendant's California counsel may appear at the Fairness Hearing via telephone conference to be arranged with the court.

13. **No Notice.** Because this Settlement Agreement contemplates certification of a class comprised of Settlement Class Members under FRCP 23(b)(2) only, notice is not required and will not be sent by the Parties.

14. **No Opt Out**. Because the Settlement Class is being certified as a mandatory class under FRCP 23(b)(2), Settlement Class Members shall not be permitted to opt out.

15. **Termination of Settlement**. This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

16. **Nationwide Stay and Preliminary Injunction**. Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving Defendant's Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action. The Court finds no bond is necessary for issuance of this injunction.

17. **Effect of Settlement Agreement and Order**. Plaintiff's Counsel, on behalf of the Settlement Class, and Defendant entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the lawsuit lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

18. **Retaining Jurisdiction**. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

19. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

SO ORDERED:

DATED: <u>September 7</u>, 2016

/s/ Gary R. Brown, USMJ
_____

Honorable Gary R. Brown