# EXHIBIT 1

# **SETTLEMENT AGREEMENT**

This Settlement Agreement is entered by and between Plaintiff Zeve Baumgarten ("Baumgarten" or "Plaintiff"), individually and on behalf of the FRCP 23(b)(2) Settlement Class, and Defendant CleanWell LLC. ("CleanWell"), (collectively, Plaintiffs and Defendant are the "Parties"). The Parties intend for the Settlement Agreement to fully, finally, and forever resolve, discharge, and settle Baumgarten's individual claims and the FRCP 23(b)(2) Settlement Class Released Claims, subject to the terms and conditions set forth herein.

## RECITALS

a.  On April 13, 2016, plaintiff Ari Rosner, through his counsel, filed a putative class action complaint against CleanWell in the Eastern District of New York under docket number 16-cv-01780. (the "Lawsuit"). In the Lawsuit, Plaintiff alleges consumers are misled by CleanWell's use of the claim "natural" and/or "all natural" on the labels, advertising, and marketing of its personal care products which consist of hand sanitizers and soaps for adults. Plaintiff further alleges the presence of synthetic ingredients, specifically the preservatives sodium citrate and sodium coco-sulfate, cause the "natural" and/or "all natural" claim to be deceptive and misleading and, as a result, CleanWell's products, labeled with a "natural" and/or "all natural" statement on the products' principal display panel, do not meet consumers' expectations because of the presence of these synthetic preservatives.

b.  After conducting discovery and engaging in extensive negotiations, the Parties now desire to reach a settlement.

c.  Before entering into the Settlement Agreement, Plaintiff's counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses in the Lawsuit. As part of that investigation, as well as through discovery, Plaintiff's counsel obtained information from CleanWell, including information concerning marketing, labeling, product formulation, sales, and pricing.

1

d. On April 3, 2017, Mr. Baumgarten filed an amended complaint, replacing Mr. Rosner as the named plaintiff. Mr. Baumgarten brought identical claims against CleanWell.

e. This Settlement Agreement is the product of extensive, arms-length settlement negotiations and an exchange of information.

f. The Lawsuit has not been certified as a class action. Subject to the approval of the court, the Parties agree that a class may be certified under FRCP 23(b) (2) for the purpose of settlement only.

g. After thorough investigation and analysis, all counsel recognize the substantial risks the Parties would face if the action progressed. Class Counsel recognized the significant challenges that would be faced in attempting to certify the class under FRCP 23(b)(3).

h. The parties have evaluated the settlement set forth herein, and have determined that it is fair, reasonable, and adequate to resolve their grievances, and in the best interest of the settlement class.

i. CleanWell denies the material factual and legal allegations and any wrongdoing, and enters this Settlement Agreement only for the purpose of compromising the Lawsuit and avoiding the time and expense of litigation and appeals.

NOW, THEREFORE, in consideration of the recitals and mutual promises contained in this Settlement Agreement, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

2. **Definitions:**

a. "Agreement" or "Settlement" or "Settlement Agreement" means this Class Settlement Agreement and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments

b. "Class Counsel" means The Sultzer Law Group, 85 Civic Center Plaza, Suite

104, Poughkeepsie, NY, 12601.

      c.      "Grace Period" shall mean a period of six (6) months immediately following the Court's entry of the Order and Final Judgment.

      d.      "FRCP 23(b)(2) Settlement Class" or "FRCP 23(b)(2) Settlement Class Member" means all consumers nationwide who, on or after June 15, 2011, up to and including the Preliminary Approval Order date, purchased any CleanWell Products for personal, family, or household use. The Settlement Class excludes any claims for personal injury. Also excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

      e.      "FRCP 23(b)(2) Settlement Class Released Claims" means those Claims that the Rule 23(b)(2) Class Members are releasing, as set forth in Section 5.

      f.      "Order and Final Judgment" means the final order to be entered by the Court approving the FRCP 23(b)(2) Settlement pursuant to the terms and conditions of this Agreement, dismissing the lawsuit with prejudice, releasing claims, and otherwise directing as the Court or the Parties deem necessary and appropriate to effectuate the terms and conditions of this Agreement.

      g.      "Preliminary Approval" means the order preliminarily approving the Class Settlement Agreement, preliminarily certifying the FRCP 23(b)(2) Settlement Class and issuing any necessary related orders.

      h.      The "Principal Display Panel" shall have the same meaning as that provided by the Labeling Regulations Applicable to Cosmetics, Title 21 of the Code of Federal Regulations § 701.10 as the portion of the Product's label most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale.

i. "Products" shall mean the sanitizers, wipes and soaps as identified in the Lawsuit and in *Dugan v. Cleanwell*, LLC, No. 16-L-315, Cir. Ct. St. Clair Cty., Ill. (filed June 15, 2016) (the "Illinois Lawsuit") which CleanWell manufactures or causes to be manufactured for distribution and/or sale to consumers in the United States.

j. "Service Award" means the one-time payment to Baumgarten for the time and resources he has put into representing the FRCP 23(b)(2) Settlement Class.

3. **Incorporation of Recitals**. The Recitals set forth above are expressly incorporated herein by reference as though fully set forth herein.

4. **FRCP 23(b)(2) Settlement Class.** For the purposes of settlement and the proceedings contemplated herein, the parties stipulate and agree that a nationwide FRCP 23(b)(2) Settlement Class should be certified. Class certification shall be for settlement purposes only and shall have no effect for any other purpose. The certification of the FRCP 23(b)(2) Settlement Class shall be binding only with respect to this Settlement Agreement. In the event that the final approval of the FRCP 23(b)(2) Settlement Class does not occur for any reason, this Action shall revert to its status that existed prior to the date of this Settlement Agreement.

5. **Injunctive Relief Requirements**. The FRCP 23(b)(2) Settlement Class relief is injunctive only, and:

- requires that within a commercially reasonable time but no longer than 90 days upon the expiration of the Grace Period, CleanWell shall not manufacture or cause to be manufactured any Product intended to be sold to consumers within the United States labeled, represented, or marketed as "natural" or "all natural" if the Products contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- requires CleanWell within a commercially reasonable time but no longer than 30 days

upon the Court's approval of the FRCP 23(b)(2) Settlement Class to remove the words "natural" and "all natural" from the Principal Display Panel of any online images of its Products' labeling appearing on its website or any other internet website on which CleanWell sells its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources; and

- within a commercially reasonable time but no longer than 90 days upon the Court's approval of the FRCP 23(b)(2) Settlement Class prohibits CleanWell from using "natural" or "all natural" in its advertising or marketing for its Products that contain any synthetic ingredients or preservatives that are not derived from natural plant or mineral sources.

Nothing in this Agreement shall prohibit or limit CleanWell's right or ability to use or permit others to use, in accordance with all applicable laws and regulations, its licenses, logos, taglines, product descriptors, or registered trademarks.

6.  **Grace Period for Products Manufactured**. Liability for Products manufactured prior to the end of the Grace Period shall be subject to the release of liability pursuant to this Settlement, without regard to when such Products were, or are in the future, put into the stream of commerce. Nothing in this Agreement shall cause or be construed as requiring CleanWell to initiate a recall of Products already in the stream of commerce.

7.  **Effect of Modifications**. Plaintiff, on behalf of the FRCP 23(b)(2) Settlement Class, agrees that the agreed modifications to the labeling, marketing, and advertising of the Products are satisfactory to Plaintiff and the FRCP 23(b)(2) Settlement Class and alleviate each and every alleged deficiency with regard to the labeling, packaging, advertising, and marketing of the Products and their ingredients set forth in or related to the Lawsuit, or otherwise.

8.  **Expiration**. The injunctive relief requirements by which CleanWell agrees to abide

as part of this Settlement Agreement and as described in Paragraph 5 shall expire on the date upon which there are changes to any applicable statute, regulation, pronouncement, guidance, or other law that CleanWell reasonably believes would require a modification to any of the product labeling in order to comply with the applicable statute, regulation, pronouncement, guidance, or other law, including but not limited to changes in U.S. Food and Drug Administration ("FDA"), Federal Trade Commission, U.S. Department of Agriculture, U.S. Environmental Protection Agency, and other state or federal governmental agencies' regulations, guidance, or pronouncements.

9. **No Opt Out**. Because the FRCP 23(b)(2) Settlement Class is being certified as a mandatory class under FRCP 23(b)(2), Settlement Class Members shall not be permitted to opt out.

10. **Motion for Preliminary Approval**. As soon as reasonably practicable after the signing of this Settlement Agreement, Plaintiff shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement, Conditional Certification of the FRCP 23(b)(2) Class, and Appointment of Class Counsel.

11. **Class Definition**. For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiff and CleanWell agree to seek certification of a mandatory, nationwide FRCP 23(b)(2) Settlement Class as follows: all consumers nationwide who, on or after June 15, 2011, up to and including the Preliminary Certification Order date, purchased the Products for personal, family, or household use. Also excluded from the Settlement Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

12. **California Civil Code § 1542 Waiver**. Plaintiff and the FRCP 23(b)(2) Settlement Class Members acknowledge they are aware they may hereafter discover facts in addition to or different from those they or Class Counsel now know or believe to be true with respect to the subject matter of this Lawsuit and the FRCP 23(b)(2) Settlement Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all FRCP 23(b)(2) Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts. Baumgarten and FRCP 23(b)(2) Settlement Class Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Baumgarten, the FRCP 23(b)(2) Settlement Class Members, and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

13. **Understanding as to Facts**. Plaintiff and FRCP 23(b)(2) Settlement Class Members fully understand that the facts upon which this Settlement Agreement is executed may hereafter be other than or different from the facts now believed to be true and nevertheless agree that this Settlement Agreement and the Release shall remain effective notwithstanding any such difference in facts. The Parties assume the risk that the facts or law may be other than the Parties believe. The Parties acknowledge and agree that this Settlement is given and accepted as part of a compromise and settlement of doubtful and disputed claims.

14. **Releases**. Upon the court's entry of the Fairness Hearing Order, this Settlement will become a full, final, and binding resolution between Plaintiff and the FRCP 23(b)(2) Settlement Class Members and CleanWell.

a. <u>Baumgarten's Individual Release</u>: In consideration of the promises and agreements contained herein, Plaintiff, on behalf of himself, hereby waives all rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims, including, without limitation, all actions and causes of action, in law or equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses or expenses (including, but not limited to, investigation fees, expert fees, and attorneys' fees) of any nature whatsoever, whether known or unknown, fixed or contingent, that were brought or could have been brought against CleanWell and its affiliates, subsidiaries, and their respective officers, directors, representatives, shareholders, agents, employees, and sister and parent companies, licensors, licensees, retailers, franchisees, distributors, dealers, customers, owners, subsidiaries, and their respective officers, directors and predecessors or successors (collectively "CleanWell Releasees") with regard to or concerning CleanWell's and each of the CleanWell Releasees' alleged sale or advertising for sale of Products in the United States labeled as "all natural" or "100% natural," to the extent such Products were manufactured by or caused to be manufactured by CleanWell prior to or within the Grace Period. Except as provided herein, each party is to bear its own fees, expenses, and costs.

b. <u>FRCP 23(b)(2) Settlement Class Release</u>: In consideration of the promises and agreements contained herein, Plaintiff on behalf of himself and the FRCP 23(b)(2) Settlement Class Members will release and forever discharge the CleanWell Releasees from liability for any and all injunctive, declaratory, or non-monetary equitable claims arising out of or in any way relating to conduct that was or could have been alleged in this Lawsuit. Notwithstanding, the FRCP 23(b)(2) Settlement Class Members, other than Baumgarten, do not release CleanWell with respect to any claims for monetary relief arising from or related to its labeling, advertising, and or marketing of the Products in the United States.

c. The allegations in the Lawsuit and the Illinois Lawsuit are factually similar

and assert the same claims. Accordingly, plaintiff Dugan is a member of the settlement class and the scope of the release in this case includes the claims for injunctive relief asserted in both the Lawsuit and the Illinois Lawsuit.

15. **Attorneys' Fees and Service Payment**. Class counsel shall be awarded its reasonable attorneys' fees at an amount agreed upon by and between the named Parties. Mr. Baumgarten will be awarded $1,500 as a service payment to be paid within seven days of the Court's entry of the Order and Final Judgment.

16. **Warranties**. Plaintiff and Class Counsel warrant and represent they have no intention of initiating any other claims or proceedings against CleanWell, and, except for the claims hereby settled, Plaintiff and Class Counsel warrant and represent they have no present knowledge and are not presently aware of any factual or legal basis for any such claims or proceedings.

    a. The Parties and their respective counsel agree to use their best efforts and to cooperate fully with one another (i) in seeking approval of this FRCP 23(b)(2) Settlement Class; and in effectuating the full consummation of the settlement provided for herein.

    b. Each counsel or other person executing this Settlement Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

17. **Miscellaneous Provisions**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

    a. This Settlement Agreement shall be binding upon and inure to the benefit of the settling Parties, their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the

event of a bankruptcy. The waiver by any Party of a breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement.

    b.    No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

    c.    The Parties to this Settlement Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Settlement Agreement, and with respect to the advisability of executing this Settlement Agreement, that they have read this Settlement Agreement in its entirety and fully understand its contents, and that each is executing this Settlement Agreement as a free and voluntary act.

    d.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement and the Parties to the Settlement Agreement submit to the jurisdiction of the Court for those purposes.

18.    **Governing Law and Conflict Resolution**. This Settlement Agreement shall be construed in accordance with, and governed by, the laws of the State of New York. Venue for enforcement of this Settlement Agreement shall be in the federal or state courts located in New York.

IN WITNESS WHEREOF, the Parties hereto each have approved and executed this Settlement Agreement effective as of the last date signed below.

I have read the foregoing agreement and understand its terms. The CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE consists of five (5) pages inclusive of this signature page.

Zeve Baumgarten

*[signature]*

Date: ~~March~~ April 3, 2017

CleanWell LLC.

By: _____

Date: March ____, 2017

**APPROVED AS TO FORM AND CONTENT:**

Date: March ____, 2017

**The Sultzer Law Group**

By: _____
Adam Gonnelli, Esq.
Attorney for Plaintiff Zeve Baumgarten

**Cochran Law PLLC**

Date: March ____, 2017

By: _____
Stuart L. Cochran, Esq.
Attorney for Plaintiff April Dugan

**Mintz Levin Cohn Ferris Glovsky and Popeo PC**

Date: March ____, 2017

By: _____
Daniel Herling, Esq.
Attorney for CleanWell LLC.

67965687v.1

I have read the foregoing agreement and understand its terms. The CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE consists of five (5) pages inclusive of this signature page.

Zeve Baumgarten                                      CleanWell LLC.


_____                            _____
                                                     By: _____

Date:  March _____, 2017                             Date: March _____, 2017


**APPROVED AS TO FORM
AND CONTENT:**

 

**The Sultzer Law Group**

Date:  ~~March~~ April 3, 2017                       By: /s/ Adam Gonnelli
                                                     _____
                                                     Adam Gonnelli, Esq.
                                                     Attorney for Plaintiff Zeve Baumgarten


**Cochran Law PLLC**

Date:  March _____, 2017                             By: _____
                                                     Stuart L. Cochran, Esq.
                                                     Attorney for Plaintiff April Dugan


**Mintz Levin Cohn Ferris Glovsky and Popeo
PC**

Date:  March _____, 2017

                                                     By: _____
                                                     Daniel Herling, Esq.
                                                     Attorney for CleanWell LLC.

67965687v.1

I have read the foregoing agreement and understand its terms. The CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE consists of five (5) pages inclusive of this signature page.

Zeve Baumgarten                                  CleanWell LLC.

_____                  _____
                                                 By: _____

Date:  March _____, 2017                         Date: March _____, 2017


**APPROVED AS TO FORM
AND CONTENT:**

                                            **The Sultzer Law Group**

                                            By: _____
Date:   March _____, 2017                        Adam Gonnelli, Esq.
                                                 Attorney for Plaintiff Zeve Baumgarten


                                            **Cochran Law PLLC**

Date:  M~~arch~~ April 3 _____, 2017             By: _____
                                                 Stuart L. Cochran, Esq.
                                                 Attorney for Plaintiff April Dugan


                                            **Mintz Levin Cohn Ferris Glovsky and Popeo
                                                 PC**

Date:  March _____, 2017

                                            By: _____
                                                 Daniel Herling, Esq.
                                                 Attorney for CleanWell LLC.

67965687v.1

11

I have read the foregoing agreement and understand its terms. The CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE consists of five (5) pages inclusive of this signature page.

Zeve Baumgarten

Date: March _____, 2017

CleanWell LLC.

By: _/s/ Stewart C. Lawrence_

Date: March __5__, 2017

**APPROVED AS TO FORM AND CONTENT:**

Date: March _____, 2017

**The Sultzer Law Group**

By: _____
Adam Gonnelli, Esq.
Attorney for Plaintiff Zeve Baumgarten

Date: March _____, 2017

**Cochran Law PLLC**

By: _____
Stuart L. Cochran, Esq.
Attorney for Plaintiff April Dugan

Date: ~~March~~ April 5_____, 2017

**Mintz Levin Cohn Ferris Glovsky and Popeo PC**

By: _/s/ Daniel Herling_ ccn
Daniel Herling, Esq.
Attorney for CleanWell LLC.

67965687v.1

11