UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ZEVE BAUMGARTEN, individually on behalf of :
himself and all others similarly situated, and JOHN :
DOES (1-100), on behalf of themselves and all others :
similarly situated, : ORDER
: 16-CV-1780 (SMG)
Plaintiffs, :
:
-against- :
:
CLEANWELL LLC, :
:
Defendant. :
------------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

    Currently pending before the Court is plaintiffs' unopposed motion brought under Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of a class settlement and conditional certification of a Rule 23(b)(2) settlement class.[1]  Docket Entry 34.  In support of their motion, plaintiffs have presented the Court with a proposed settlement agreement that provides solely for injunctive relief and is silent as to the amount of attorneys' fees plaintiffs will recover.  *See* Docket Entry 36.  On consent of all parties involved, this case has been reassigned to me for all purposes pursuant to 28 U.S.C. § 636(c).  *See* Docket Entry 41.

    At a status conference held on June 22, 2017, I identified several concerns I had with the proposed settlement agreement and invited counsel to address them.  These included (i) the vague definition of the word "synthetic," a term used throughout the injunctive relief sections of the proposed settlement agreement; (ii) plaintiffs' assertion that notice of the preliminary

---

[1] A class may be certified under Rule 23(b)(2) if the requirements of Rule 23(a) are otherwise satisfied *and* "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b).

certification of the class under Rule 23(b)(2) need not be disseminated; (iii) the absence of monetary relief in the settlement; and (iv) the lack of disclosure of the amount of attorneys' fees that the parties have agreed to. Transcript ("Tr.") at 4-7, 11-13, Docket Entry 40.

By letter dated June 30, 2017, submitted with an addendum to the settlement agreement (the "Addendum"), and by letter dated July 7, 2017, submitted with documents filed under seal containing detailed information about defendant's finances, the parties have addressed those concerns. Docket Entries 42-46. More specifically, the parties have agreed to amend the injunctive relief sections of the proposed settlement to adopt the more precise definition of "synthetic" found in the Organic Foods Production Act of 1990 ("OFPA"), 7 U.S.C. § 6502(21). Defendant has also submitted several documents filed under seal which corroborate counsels' representation regarding CleanWell LLC's ability to pay more than a de minimis judgment, and by extension, a meaningful monetary settlement. In addition, during the conference, which was held on the record and in open court, the parties disclosed the agreed-upon amount of attorneys' fees and indicated that at or before the final approval stage, the fee request will be supported by detailed time records. Tr. at 11-12. Finally, by amending the injunctive relief portions of the proposed settlement to adopt the Congressionally-approved definition for "synthetic," and in light of both the additional authority submitted by plaintiff and the fact that the settlement does not preclude absent class members from seeking monetary relief, I find that notice of certification is not required under Rule 23(c). *See Amara v. CIGNA Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) (explaining that Rule 23(b)(2) class members are not entitled to notice and opt-out rights); *Jermyn v. Best Buy Stores, L.P.*, 2012 WL 2505644, at *13 (S.D.N.Y. June 27, 2012) (finding notice was not required where settlement class was preliminarily certified under Rule

23(b)(2) and the settlement provided for injunctive relief alone while explicitly preserving absent class members' rights to pursue monetary damages).

While the parties do not separately address it, I further find that notice of the proposed settlement is not required under Rule 23(e). Although Rule 23(e) makes clear that "[t]he Court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), some courts have adopted a more functional approach under which notice is not uniformly required. *Green v. Am. Express Co.*, 200 F.R.D. 211, 212 (S.D.N.Y. 2001). As these courts have recognized, "when notice to class members would not serve the purpose of ensuring that the settlement is fair but would, in fact, jeopardize the settlement, . . . the court may opt to forego notice." *Id.* (citing *In re Nazi Era Cases Against German Defendants Litig.*, 198 F.R.D. 429, 441 (D.N.J. 2000). "The rationale behind this interpretation is that an absolute notice requirement, while effectively enforcing the policy of Rule 23, may cause notice to issue unnecessarily when the spirit of Rule 23 is not violated, often at the expense of other important individual and institutional policies." *Nazi Era Cases*, 198 F.R.D. at 441. Some scenarios in which notice may be dispensed with include "(1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement." *Green*, 200 F.R.D. at 212 (citations omitted).

Here, many of these factors are present. First, by incorporating the definition for "synthetic" adopted by Congress in the OFPA, the proposed settlement agreement affords near complete injunctive relief to plaintiffs insofar as it precludes defendant CleanWell LLC from

3

selling or labeling its products as "all natural" if, in fact, they contain any substance that is not created through naturally occurring biological processes.  Second, insofar as the proposed settlement agreement provides for injunctive relief alone, there is no potential for the named plaintiff to derive any benefit at the expense and to the exclusion of the absent class members. Moreover, the proposed settlement agreement explicitly preserves absent class members' rights to seek monetary compensation in the future.  Third, the parties appear to be represented by sophisticated counsel and the history of this case suggests that the proposed settlement agreement was the product of diligent, arms-length negotiations rather than collusion.  Finally, in view of the likely cost of a comprehensive notice scheme and the lack of monetary compensation available to the putative class members, imposing a notice requirement on the parties under these circumstances would jeopardize the negotiated settlement agreement the parties have jointly presented to the Court.

## CONCLUSION

For the reasons stated above, the Court hereby preliminarily certifies a nationwide plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2), in accordance with the terms of the proposed settlement agreement, Docket Entry 36, as modified by the Addendum, Docket Entry 42-1.  In all other respects, the proposed order submitted to the Court, Docket Entry 35-5, is approved and hereby entered as an Order of the Court.

A final fairness hearing will be held by telephone at **4:00 p.m.** on **October 10, 2017**.  By September 29, 2017, plaintiffs shall file their motion for final approval of the class settlement, together with any additional submissions plaintiffs wish to submit in support of their motion, including detailed time records to support the settlement's attorneys' fees provision and a brief

4

description of plaintiff Baumgarten's involvement in the case sufficient to justify the requested $1,500 service payment.  Plaintiffs' counsel shall arrange the telephone call and dial into Chambers at 718-613-2560 when all parties are on the line.  Adjournment requests will not be considered unless made in accordance with the Court's individual rules.

                SO ORDERED.

                /s/
                Steven M. Gold
                United States Magistrate Judge

Brooklyn, New York
August 21, 2017

*U:\#ZAK 2016-2017\Baumgarten et al. v. CleanWell LLC (16cv1780)\Preliminary Approval and Conditional Class Cert. Order - FINAL.docx*